277 So.2d 818 (1973)
ED SKODA FORD, INC., a Florida Corporation, D/B/a Flamingo Ford, Appellant,
v.
P & P PAINT AND BODY SHOP, INC., a Florida Corporation, Appellee.
No. 72-1364.
District Court of Appeal of Florida, Third District.
May 15, 1973.
Rehearing Denied June 11, 1973.
Joseph S. Marcus, Homestead, Manners & Amoon, Miami, and Harold Mendelow, Tallahassee, for appellant.
Strauss & McCormick and Ronald B. Gilbert, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of a final judgment based upon the ratification of findings of fact of a special master who found the damages suffered by plaintiff-appellee to be $29,975.17.
Plaintiff-appellee, P & P Paint and Body Shop, Inc., as lessee filed suit against Ed Skoda Ford, Inc. d/b/a Flamingo Ford, as lessor for breach of a business lease. A default judgment was entered with regard to liability against Flamingo Ford, defendant-appellant, and on July 31, 1972 a non-jury *819 trial was held as to the issue of damages which involved complicated accounting and/or economic theories. After partial testimony was received, the court appointed a certified public accountant as a special master pursuant to RCP 1.490(b), 30 F.S.A. to hear the damage claim. On September 12, 1972 such a hearing was held by the special master. Thereafter on September 28, 1972, the trial court received the master's report, issued its order ratifying the findings of fact contained therein, and then entered final summary judgment awarding plaintiff $29,975.17 as recommended by the special master. Defendant-appellant filed exceptions to the report and after a hearing thereon, the court denied them.
On appeal, the appellant argues that the trial court erred in submitting the entire issue of damages to a special master and accepting the master's report thereon.
As in the case sub judice, where the record revealed and order of reference found that the accounting was likely to be lengthy and technical in nature, referring the cause to an accountant as special master is proper. See Conner v. McNew, Fla. App. 1970, 237 So.2d 190. In addition, defendant-appellant made no objection at the time the trial court decided to appoint a special master and in fact, appellant participated fully in the hearing before the master on September 12, 1972. Accordingly, with respect to submitting the question of damages to a special master, appellant's argument must fail.
However, we do take issue with regard to the acceptance by the trial judge of the following portion of the master's report:
"I agree with the opinion of expert witnesses produced by the plaintiff that no equitable estimate of damages can be made without the elimination of `officers' salaries' from the statements of income of the plaintiff, both before and after the cancellation of the lease. In other words, I am treating the statements of income of the plaintiff as if P. & P. Paint & Body, Inc. were a partnership whose profits are available to its partners in whatever form they chose to draw them. In the small corporation whose stockholders are employees, officers' salaries are set at amounts convenient to the stockholders, taking into account income tax and other considerations and their elimination clarifies the issues in this case."
The record reveals that P & P Paint and Body Shop, Inc. is a Florida corporation and not a partnership. In addition, plaintiff's own witness testified that it was not a sub-chapter "S" corporation. Nevertheless, the special master treated the income statements of P & P Paint and Body Shop, Inc. as a partnership whose profits are available to its partners in whatever form they chose to draw them. The acceptance of this finding by the trial judge was clearly error. Florida jurisprudence indicates a reluctance to "pierce the corporate veil" unless disregard of the corporate entity is necessary to prevent injustice. House of Koscot Dev. Corp. v. American Line Cosmetics, Inc., 468 F.2d 64 (5th Cir.1972) and cases cited therein. Further, the officers of the plaintiff corporation cannot avail themselves of the corporate shield when it suits their purpose and discard the same when it does not appear advantageous. See DeSilva Construction Corp. v. Herrald, 213 F. Supp. 184 (M.D.Fla. 1962).
Therefore, the trial judge should enter an order finding that the "officers' salaries" must be included in the statements of income of the plaintiff corporation both before and after the cancellation of the lease, thereby reducing the annual profit and the special master's computation of $29,975.71 as the damages suffered by the plaintiff corporation.
Accordingly, the judgment of the lower court is affirmed in part, reversed in part and remanded with the modifications directed herein.
It is so ordered.
*820 PEARSON, Judge (concurring specially).
My view is that the trial judge did err at the time he made the reference. An order of reference to an accountant to determine facts that he is especially qualified to determine is proper, but a person not a member of the bar should not be directed to decide legal issues, i.e., the amount of damages caused by a specific act. I agree that this error is not available on this record; therefore, I concur in the decision.