302 So.2d 461 (1974)
ED SKODA FORD, INC., a Florida Corporation, D/B/a Flamingo Ford, Appellant,
v.
P & P PAINT & BODY SHOP, INC., a Florida Corporation, Appellee.
No. 74-10.
District Court of Appeal of Florida, Third District.
September 24, 1974.
Rehearing Denied November 18, 1974.
Manners & Amoon, Miami, and Harold Mendelow, Tallahassee, Joseph S. Marcus, Homestead, for appellant.
Ronald I. Strauss, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
This is the second appearance of this cause before this court. See Ed Skoda Ford, Inc. v. P. & P. Paint and Body Shop, Inc., Fla.App. 1973, 277 So.2d 818.
In the previous appeal, we reversed that portion of the final judgment which adopted a finding contained in a special master's report which eliminated officers' salaries from the statements of income of the plaintiff-appellee, both before and after the cancellation of the lease.
We directed the trial court to enter an order including the officers' salaries in the statements of income, thereby reducing the annual profit and the damage computation of $29,975.71 sustained by the appellee.
Thereafter, in accordance with the mandate of this court, the trial court entered an order awarding the appellee $12,710.24 as damages suffered, again following the recommendations contained in a report by the special master bearing the date June 11, 1973.
The appellant now contends that the findings of fact rendered by the special master were not in compliance with the previous opinion and mandate of this court.
The revised damage computation made by the master included officers' salaries and the appellee's income statements. However, in his computation the master added a new consideration, to-wit: the amount lost or projected to be lost for three years following the termination of the lease.
In our view, this element is not a proper factor to be considered in measuring the amount of the appellee's damages. Generally, the correct measure of damages in a breach of contract action, is the loss of profits which would have resulted from *462 the performance of the contract and which may be ascertained with a reasonable degree of certainty. See, 9A Fla.Jur., Damages § 83.
Therefore, we conclude that the proper award in this case remains $29,975.71, reduced by the inclusion of officers' salaries in the appellee's statements of income as the same reflect a reduction in the appellee's annual profit situation.
For the reasons stated, the judgment is reversed and the cause remanded with directions to enter a new judgment based upon the correct legal requirement.
Reversed and remanded.