Randy NEUGEBAUER *v.* Harold MARLIN,
Tony MARLIN, Ricky MARLIN,
d/b/a CITY IRON AND METAL

CA 79-312                                     598 S.W. 2d 446

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

*Wayne Mooney,* for appellant.

*Berl S. Smith,* of *Barrett, Wheatley, Smith & Deacon,* and *James A. McLarty,* of *Pickens, Boyce, McLarty & Watson,* for appellees.

JAMES H. PILKINTON, Judge. Randy Neugebauer, the appellant, was injured while a passenger in a pick-up truck which was struck from the rear by a trailer truck belonging to appellees, Harold Marlin, Tony Marlin and Ricky Marlin, d/b/a City Iron and Metal. Appellant as plaintiff below claimed certain special damages, and also sought to recover for alleged personal injuries. The case was tried before a jury which rendered a verdict for appellant in the amount of $2,-500. Appellant was dissatisfied with the amount of the verdict and brings this appeal. Thus appellant asks this court to reverse a judgment, entered for him in a negligence case, on a jury verdict as not being supported by substantial evidence.

Appellees point out that appellant did not make any objection to the verdict in any form or seek relief before the trial court; and claim that appellant cannot now challenge the sufficiency of the evidence for the first time on appeal. Appellees are of course correct in that position. See Ark. Stat. Ann. § 27-2154 (Repl. 1979); *Turkey Express, Inc. v. Skelton Motor Company,* 246 Ark. 739, 439 S.W. 2d 923 (1969); *Rock-Ola Mfg. Corp. v. Farr,* 226 Ark. 279, 290 S.W. 2d 2 (1956); and *Granite Mt. Rest Home v. Schwarz,* 236 Ark. 46, 364 S.W. 2d 306 (1963). However, the testimony has been fully abstracted and it is clear there was sufficient evidence for the jury to conclude that although the defendant was negligent, the plaintiff had only

proven damages amounting to $2,500. This court cannot weigh the evidence to determine upon which side the preponderance lies, or to substitute its judgment for that of the jury. It is the responsibility of the jury to determine credibility, and to settle disputed questions of fact.

In this case the jury did resolve the issue of negligence in favor of the appellant. Notwithstanding that fact, the jury evidently did not believe that the plaintiff-appellant was injured to the extent he claimed. In any event, it is apparent that a fact question on the issue of damages was made for jury determination. The issues of negligence and damages having been submitted to the jury upon conflicting testimony, and under instructions which are not questioned on appeal, appellant is bound by the verdict.

Affirmed.