409 So.2d 507 (1982)
BILL TERRY's INC., a Florida Corporation, Appellant,
v.
ATLANTIC MOTOR SALES, INC., a Foreign Corporation, Appellee.
No. AB-16.
District Court of Appeal of Florida, First District.
February 4, 1982.
*508 S. Gordon Blalock of Blalock, Holbrook & Akel, Jacksonville, for appellant.
Norwood S. Wilner, Jacksonville, for appellee.
JOANOS, Judge.
Bill Terry's Inc. appeals from final judgment entered after a jury verdict in favor of Atlantic Motor Sales, Inc. on counts of breach of warranty, fraud, and violation of the Federal Odometer Disclosure Law (Title 15 U.S.C. § 1989(a)(1)). The jury assessed actual damages of $2,845 and punitive damages under the fraud count of $10,000. As required by the Odometer Disclosure Law, the trial judge tripled the amount of actual damages and awarded $8,535. The judge also awarded $10,000 punitive damages for common law fraud based upon the same events which resulted in the federal statutory violation. Bill Terry's challenges the evidentiary and legal support for the finding that the Odometer Disclosure Law was violated. In addition, Bill Terry's argues that the amount of actual damages was not satisfactorily proven and that the trial judge erred in awarding both treble damages and punitive damages. We affirm in all respects except as to the award of both treble and punitive damages.
In 1972, Bill Terry's sold a new model Buick to Duval Container Co., in care of Jose Talpalar, an employee. From December 1972 to June 1976, the car was regularly serviced at Bill Terry's and the mileage was recorded on the service record. It is apparent from the service record that the fiveplace odometer on the Buick "rolled over" past the 100,000 mile increment and began to register in the low thousands.
In March of 1976, Talpalar purchased a new car and traded in the Buick with Bill Terry's. At that point, the mileage shown on the odometer was 10,975 miles, but the car had actually traveled 110,975 miles. An Odometer Disclosure Form was filled out in which actual mileage was certified (supposedly by Talpalar, the transferor) as 10,975. Although the form shows "Jose Talpalar c/o Duval Container" as signator, a handwriting expert testified that the signature was not Talpalar's but stongly resembled the handwriting of Paul Scull, Bill Terry's salesman who handled the trade-in.
On July 13, 1976, Bill Terry's sold the Buick to appellee, Atlantic Motor Sales. Bill Terry's salesman for this transaction signed the Odometer Disclosure Form certifying that the actual mileage was only 11,202. The salesman testified that he made the certification solely by looking at the odometer and that he never checked service records on the used cars he sells.
Atlantic Motor Sales resold the Buick to a customer in 1977 certifying the mileage on the car to be 11,890. About six months later, when the customer started having mechanical problems with the car, he began to suspect that the mileage on the car might be more than the mileage certified. He obtained the service record from Bill Terry's and discovered that the Buick had traveled more than 100,000 miles. Atlantic Motor Sales was sued by the customer, resulting in legal expenses and ultimately a settlement for the purchase price of the car. Atlantic Motor Sales then filed suit against Bill Terry's seeking actual and punitive damages for breach of warranty, fraud, and violation of 15 U.S.C. § 1989 (a)(1), the Odometer Disclosure Law.
Citing several federal district court opinions, Bill Terry's asserts that the Odometer Disclosure Law does not require disclosure of a 100,000 miles increment even where there is a clear finding of intent to defraud. Leach v. Bishop Brothers Auto Action, Inc., 441 F. Supp. 98 (N.D.Ga. 1977); Rider Oldsmobile, Inc. v. Wright, 415 F. Supp. 258 (M.D.Pa. 1976). Both the Fourth and Fifth Circuits, however, have held that the Odometer Disclosure Law requires that a transferor certify that a car has traveled over *509 100,000 miles if, in the exercise of reasonable care, the transferor would have reason to know that the odometer had "turned over." Ryan v. Edwards, 592 F.2d 756 (4th Cir.1979); Suits v. Little Motor Co., 642 F.2d 883 (5th Cir.1981). In Ryan, the court stated that the purpose of the statute was to enable purchasers to know how many miles the car has traveled as a guide to safety, reliability, and value. As a remedial statute, it should be liberally construed to effect its purpose.
Absolute certainty that an odometer has turned over is not necessary if the transferor would have discovered the "roll over" in the exercise of reasonable care. Ryan, supra. In Nieto v. Pence, 578 F.2d 640 (5th Cir.1978), the court held that constructive knowledge of an incorrect odometer reading may be sufficient to show intent to defraud. The transferor cannot "close his eyes to the truth."
From the evidence before it, the jury could infer that Bill Terry's had either actual or constructive knowledge of the car's mileage sufficient to form the requisite "intent to defraud." The jury also could have concluded that a Bill Terry's salesman forged an odometer statement when the car was originally traded in. When the car was resold, Bill Terry's never made an effort to check its own service records although the four year old car had suspiciously low mileage.
Bill Terry's also contends that the two year statute of limitations barred Atlantic Motor Sales' action on the Odometer Disclosure Law. We do not agree. The statute of limitations in 15 U.S.C. § 1989 begins to run upon discovery of the violation. Byrne v. Autohaus on Edens, 488 F. Supp. 276 (N.D.Ill. 1980); Levine v. MacNeil, 428 F. Supp. 675 (D.Mass. 1977). The incorrect certification of mileage was not suspected until Atlantic Motor Sales' customer began to experience mechanical trouble with the car. This occurred within the two year period before the suit was filed.
We also reject Bill Terry's argument that the evidence does not support the award of actual damages. The trial judge's award of both treble damages and punitive damages, however, merits closer inspection.
We agree with appellant that an award of both treble damages and punitive damages for the same act amounts to a double recovery or an excessive penalty. See John Mohr & Sons, Inc. v. Jahnke, 55 Wis.2d 402, 198 N.W.2d 363 (1972); 22 Am.Jur.2d Damages § 267. Appellant, however, seeks to have the punitive damages award stricken under the theory that the federal Act preempts the field. With this premise, we disagree. In 15 U.S.C. § 1991, Congress specifically stated that the Odometer Disclosure Law was not intended to affect state laws regarding odometer tampering except to the extent of any inconsistency. The Tenth Circuit in Edgar v. Fred Jones Lincoln-Mercury, 524 F.2d 162 (1975) interpreted § 1991's reference to "inconsistencies" as applying only to less stringent state laws on the same subject and not to common law fraud counts. Where, as here, the punitive damage award for common law fraud exceeded the damages under 15 U.S.C. § 1989, no "inconsistency" with the federal Act results if the greater amount is awarded.[1]
AFFIRMED in part. REVERSED in part with instructions to award the appellee actual and punitive damages assessed by the jury on the common law fraud count.
SHAW, J., and MASON, ERNEST E. (Retired) Associate Judge, concur.
NOTES
[1] Of course, if the total award under the common law fraud count was less than a treble damage award under the Odometer Disclosure Law, the award should be made pursuant to the federal statute.