437 So.2d 172 (1983)
Merle E. BESETT and C. Joseph Czerwinski, Appellants/Cross-Appellees,
v.
Robert K. BASNETT and Barbara L. Basnett, Appellees/Cross-Appellants.
No. 82-1871.
District Court of Appeal of Florida, Second District.
August 3, 1983.
Rehearings Denied September 8, 1983.
Leo Wotitzky of Wotitzky, Wotitzky, Mandell, Batsel & Wilkins, Punta Gorda, and Charles J. Cheves of Cheves & Rapkin, Venice, for appellants/cross-appellees.
Michael R. Karp of Wood, Whitesell, Karp, Wellbaum, Miller & Seitl, P.A., Sarasota, for appellees/cross-appellants.
PER CURIAM.
The trial court entered money judgments against the appellant, C. Joseph Czerwinski, pursuant to jury verdicts finding him guilty of both fraud and negligence in connection with a real estate transaction. Since the damages awarded on the negligence claim amounted to a prohibited double recovery, we reverse that judgment. We find no merit in the parties' other contentions and therefore affirm the trial court in all other respects.
This action arose out of the sale of property from Mr. and Mrs. Besett, to the appellees, Mr. and Mrs. Basnett. The appellant, C. Joseph Czerwinski, was the real estate broker representing the Besetts. When the appellees discovered that the land they purchased was roughly one and one-half acres, and not the approximately five and one-half acres they thought they had purchased, they filed suit against the sellers and the real estate broker.
The amended complaint alleged three causes of action. One count of the complaint was tried without a jury and resulted in a judgment for the appellants. The other two counts, fraud and negligence, were submitted to the jury. The count alleging fraud resulted in a verdict against the appellant, Mr. Besett, in the amount of $152,000 and against the appellant, Mr. Czerwinski, in the amount of $18,000. A directed verdict was entered for Mrs. Besett. The appellees' alternate claim of negligence on the part of the appellant Czerwinski resulted in a verdict against him and an award of damages in the amount of $12,000. The jury also found that the appellees were twenty-five percent negligent, and accordingly, a judgment was entered in the amount of $9,000.
Under the facts of this case, the remedies sought by the appellees were not inconsistent, and accordingly, the claims of fraud and negligence were both properly submitted *173 to the jury. Compare Bill Terry's, Inc. v. Atlantic Motor Sales, 409 So.2d 507 (Fla. 1st DCA 1982).
However, since double recovery based upon the same element of damages is prohibited, Atlantic Coastline R.R. v. Saffold, 130 Fla. 598, 178 So. 288 (1938), the trial court erred in entering judgments on each of the verdicts. Hillsborough County Aviation Authority v. Cone Brothers Contracting Co., 285 So.2d 619 (Fla. 2d DCA 1973).
The appellees in presenting evidence concerning damages made no distinction between the alternate causes of action, and the proof of damages was the same on both counts. Based upon the evidence, the jury had a basis for awarding damages in the amount of $18,000 on either count of the complaint, but not on both, and therefore the trial court should have entered a judgment only on the count based upon fraud. Bill Terry's, Inc. v. Atlantic Motor Sales.
We accordingly reverse that portion of the final judgment which awarded the appellees a net sum of $9,000 on their negligence claim with instructions that it be stricken from the judgment.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.