B.J. CURRIER *v.* Rod SPENCER

89-80                                    772 S.W.2d 309

Supreme Court of Arkansas
Opinion delivered June 19, 1989
[Rehearing denied July 17, 1989.*]

*Brazil, Clawson & Adlong*, by: *Charles E. Clawson, Jr.*, for appellant.

*Jim O'Hara*, for appellee.

JACK HOLT, JR., Chief Justice. Appellant B.J. Currier placed an ad in 1986 to sell a one owner 1984 Datsun 300ZX for $8,750.00. Appellee Rod Spencer responded to the ad and purchased the car for $5,000.00 cash and paid $3,250.00 by check. Before the check cleared, Spencer experienced problems with the car and discovered that the rear one-third had previously been replaced with that of another vehicle and the entire car had been repainted. Spencer stopped payment on the check and tried to return the car. Currier refused, whereupon Spencer stored the car and sold it for $6,750.00. Currier brought suit to recover the unpaid balance of the purchase price, and Spencer counter-claimed arguing breach of express and implied warranties, misrepresentation, failure to provide an odometer statement, and violation of the Magnuson-Moss Warranty Act by not preparing and displaying a "Buyer's Guide" on the vehicle.

The proof showed Currier to be a dealer in used vehicles who misrepresented the car as a one owner 1984 Datsun that had been "tapped" in the front when in fact it had been wrecked and

consisted of two cars welded together. The court dismissed Currier's complaint with prejudice and, finding material misrepresentations by him, reduced the sale price to the actual value of the car ($6,750.00). The court next awarded Spencer $1,500.00, the difference between the purchase price of the car, $8,250.00, and its actual value, $6,750.00. The damage award was doubled for failure to provide an odometer statement. Court costs and attorneys fees were awarded for violation of the Magnuson-Moss Warranty Act. We affirm.

On appeal, Currier argues on grounds of hearsay that the court erred in admitting into evidence a letter from the Arkansas Motor Vehicle Commission certifying that B.J. Currier d/b/a Currier Auto Sales had been licensed with the Commission since late 1985. The letter was introduced to refute Currier's claim that he was not a dealer in used automobiles when he sold the Datsun to Spencer. We need not reach this issue since the only objection below was that the letter did not reflect Currier's license might have lapsed at some point. Arguments made for the first time on appeal will not be addressed by this court. *O'Bryant* v. *Horn*, 297 Ark. 617, 764 S.W.2d 445 (1989).

Currier also argues that the Magnuson-Moss Act either did not apply or he was not given an opportunity to cure his noncompliance with the Act. On this issue, the trial court relied upon 15 U.S.C.A. § 2310(d) and 16 C.F.R. § 455 (1988). The latter defines used car dealers as persons who sell or offer for sale a used vehicle after selling or offering for sale five or more used vehicles in the previous twelve months. The testimony established that Currier was in the business of selling used cars and that he sold between twelve to fifteen used cars in the twelve months preceding sale of the Datsun.

Under 16 C.F.R. § 455.2, before a used car dealer offers a used vehicle for sale to a consumer, he must prepare and display on the car a "Buyers Guide." This was not done. The Magnuson-Moss Warranty Act provides in such cases that costs and expenses, including attorneys fees, may be awarded against the dealer. The argument that Currier was not given an opportunity to cure either his noncompliance with the Act or the problems Spencer was having with the car is unconvincing on its face, and we do not treat it further. *See e.g., Gay* v. *City of Springdale*, 298

Ark. 554, 769 S.W.2d 740 (1989).

█ Currier next contends the trial court erred in awarding damages for failure to provide an odometer statement. We disagree. Ark. Code Ann. § 4-90-206(a) (1987) provides:

> No person shall transfer a motor vehicle without disclosing in writing to the transferee the true mileage registered on the odometer reading or that the actual mileage is unknown if the odometer reading is known by the transferor to be different from the true mileage.

The trial court found that Currier had an affirmative duty to inform Spencer that the odometer reading on the Datsun did not reflect the actual mileage on the car since it would only show the mileage for the front two-thirds and not the rear one-third. Disclosure of that fact obviously would have had an effect on Spencer's decision to purchase the vehicle, or at least the amount he was willing to pay for it.

█ Ark. Code Ann. § 4-90-203 (1987) provides that upon violation of the odometer provisions, the buyer shall recover his actual damages together with any costs and reasonable attorney's fees. The court may increase the award of damages to an amount not to exceed three times the actual damages sustained. Here, the court determined Spencer was entitled to actual damages in the amount of $1,500.00. The court doubled that amount pursuant to sections 4-90-203 and 4-90-206, which was proper.

Currier further maintains he is entitled to the difference between the amount Spencer paid for the car, $5,000.00, and the actual value of the car as determined by the court, $6,750.00. Having failed to appeal the dismissal of his contract action, Currier waived whatever claims he might have to amounts due him under his contract with Spencer, and we consider only the propriety of the court's judgment with respect to the buyer's claims for breach of warranty and misrepresentation.

█ The trial court awarded damages of $1,500.00, being "the difference between the purchase price of the automobile ($8,250.00) and the actual value of the automobile ($6,750.00)." That award was appropriate. As we stated in *Ozark Kenworth, Inc.* v. *Neidecker*, 283 Ark. 196, 672 S.W.2d 899 (1984), the standard measure of damages for either breach of warranty or

misrepresentation is the difference in value between the product as warranted and its actual value.

■ Currier takes issue with the court's determination that he breached certain express and implied warranties and that he was guilty of misrepresentation. The evidence supports both of the trial court's conclusions. Any affirmation of fact by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty. Ark. Code Ann. § 4-2-313 (1987). Currier warranted the car to be a one owner 1984 Datsun. What Spencer purchased was two-thirds of one car and one-third of another. Currier also maintained at trial that he was selling the car as his own personal vehicle, which would have made him the car's "second" owner.

■ As to implied warranties, the court found that the car could not "pass without objection in the trade under the contract description." According to Spencer, it was also not "fit for the ordinary purposes for which such goods are used." Ark. Code Ann. § 4-2-314(2)(a) and (c) (1987). We need not set out the elements required to support an action for misrepresentation, *see* *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987), as the evidence unquestionably supports the trial court's findings on that issue.

■ As a final point, Currier contends that Spencer's exercise of ownership over the car following the initial attempt to return it constituted a waiver of the breach of warranty claims. In *Kenworth, supra*, we stated that the issue would be decided on a case by case basis. Under the circumstances of this case, Currier's refusal to allow revocation was such that Spencer was entitled to raise his breach of warranty claims.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Something is out of whack when the purchaser of a car pays $5,000 for a vehicle and sells it for $6,750, and then collects another $3,000 from the seller. The purchaser has cleared $4,750 on this transaction. At the very least he should be required to offset the balance of the purchase price, which amounts to $3,250, against the judgment. In my opinion the purchaser (the appellee) still owes the appel-

lant $250, after giving credit to the double damages assessed by the court.