## AMERICAN LIVESTOCK INSURANCE COMPANY
### *v.* Gene GARRISON

CA 89-94            774 S.W.2d 431

Court of Appeals of Arkansas
Division II
Opinion delivered August 23, 1989

*Daggett, Van Dover, Donovan & Cahoon,* by: *Jesse B. Daggett,* for appellant.

*Green & Henry,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Arkansas County Circuit Court. Appellant, American Livestock Insurance Company, appeals from a judgment against it and in favor of appellee, Sheriff Gene Garrison, in the sum of $1,700.00 plus penalty, interest and attorney's fees. We find error and reverse and remand.

Appellee filed suit seeking recovery for the death of his Brahman bull under an insurance policy purchased from appellant. The policy of insurance was a named peril policy containing a provision providing $2,000.00 coverage for the bull in the event of, among other things, the "(e) Collapse of bridges or culverts, earthquake and/or floods." Appellee demanded payment under

this provision of the policy after his insured bull fell through a hole in an old truck bed utilized as a bridge while head butting or fighting with another bull. Appellant denied payment of appellee's claim under another provision of the policy which disallows coverage for:

(c) Wilful misconduct or negligence of the Insured, his servants or Agents.

(d) The Insured, his servants or Agents having caused or suffered anything to be done whereby the risks hereby insured is, or may be increased.

The suit was tried to a jury on October 25, 1988, and a verdict was returned for appellee. The trial court awarded judgment for the insurance to appellee for $1,700.00 and also assessed a 12% statutory penalty, prejudgment interest and reasonable attorney's fees. From the judgment comes this appeal.

For reversal, appellant raises the following three arguments: 1) There is no evidence that the bridge collapsed; 2) the evidence compels the conclusion that the appellee was negligent; and 3) the court erred in preventing appellant's attorney from making a closing argument.

We find error in appellant's third argument which requires that the case be reversed and remanded for a new trial. Therefore, because appellant's first two arguments present questions of fact and law which will inevitably arise on remand, we will not address them for purposes of this appeal.

We agree with appellant's last contention that the court erred in refusing its attorney the opportunity of making a closing argument. At the close of the trial, appellee's attorney waived closing argument and the court submitted the case to the jury over appellant's objection that it was entitled to argue its case at the conclusion of all proof notwithstanding appellee's waiver. The court disallowed appellant a closing argument stating as follows:

It appears to the Court that if the Plaintiff waives closing argument and the Defendant is then allowed to argue then Plaintiff is in a position of having to respond to the Defendant's closing argument and has lost his right to go first and give his first argument which is given to the

Plaintiff because of his heavier burden of proof. Therefore, I say it would be that the fairest thing to do would be if one side waives the first argument then all arguments are over with. The Plaintiff is in effect giving up more than the Defendant is.

Appellee argues that the court's rationale is correct because closing arguments of attorneys are not evidence but are offered to help the jury understand the evidence and applicable law. Appellee also alleges that there is no absolute right, constitutional or otherwise, giving appellant the right to make a closing argument after a waiver of same by appellee because the purpose of an appellant's closing argument is to give him "the opportunity to argue against those statements made by the Plaintiff in closing." While we agree with appellee that a closing argument is not evidence, we do not agree that the only possible purpose to be served in allowing appellant herein to make a closing argument would be to "argue against" appellee's statements.

Arkansas Code Annotated Section 16-64-110 (1987) establishes the order in which a trial shall proceed after the jury is sworn. Subsection (6) of that statute states that at the conclusion of the evidence:

> (6) The parties may then submit or argue the case to the jury. In the argument the party having the burden of proof shall have the opening and conclusion; and if, upon the demand of his adversary, he refuses to open and fully state the grounds upon which he claims a verdict, he shall be refused the conclusion.

Additionally, Arkansas Code Annotated Section 16-89-123 (1987) deals with the order of final arguments and states in pertinent part that "the party having the burden of proof shall have the opening and conclusion of the argument."

■ Although both statutes above and the cases interpreting them deal primarily with the order in which parties present their closing arguments, each recognizes and establishes the right of either party bearing a burden of proof on an issue to present a closing argument to the jury, regardless of the order in which they do so. In the case at bar, the trial court's actions totally precluded appellant from exercising this right. Here, both parties had

burdens of proof. Appellee's burden was to establish that the bridge "collapsed" in order to recover under his policy of insurance and appellant's burden was to establish its affirmative defenses justifying its denial of coverage by proving that: 1) appellee's negligence caused the loss of the bull; or 2) that appellee caused or suffered anything to be done which increased the risk of loss; or 3) that the bull was killed as a result of a fight with another bull.

In *Schwam v. Reece*, 213 Ark. 431, 210 S.W.2d 903 (1948), the Arkansas Supreme Court stated that the party having the burden of proof shall make the opening and closing argument, and where there is more than one party it is within the court's discretion to fix the order of closing arguments. In reviewing the exercise of a trial court's discretionary decision, the test is whether the ordinary, reasonable, prudent judge, under all the facts and circumstances before him, would have reached the conclusion that was reached. *Looper v. Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156 (1987).

Although the appellant in the instant case did not have the burden of proof as a whole, it did have the burden of proving its affirmative defenses, and in light of the principles discussed herein, we hold that the trial court abused its discretion in denying appellant's attorney the right to present a closing argument to the jury simply because appellee waived his right to do so.

Reversed and remanded.

JENNINGS and MAYFIELD, JJ., agree.