PER CURIAM.
Fort Lauderdale Lincoln Mercury, Inc. appeals from a final judgment in its favor on a common law breach of contract claim and against it on an odometer disclosure claim predicated on 15 U.S.C. sections 1988 and 1989 (1988).[1] Appellant argues that the trial court employed an improper “intent” standard under 15 U.S.C. § 1989. Additionally, appellant argues that the trial court erred when it failed to award lost profits as damages on the breach of contract claim. We agree a,nd reverse.
*595 Section 1989(a) provides that “any person who, with intent to defraud, violates any requirement imposed under this sub-chapter shall be liable in any amount equal to the sum of: (1) three times the amount of actual damages sustained or $1,500, whichever is greater”, and attorneys fees and costs. Pursuant to the trial court’s written order, it found that there was an insufficient showing of fact to constitute willful and wanton conduct by appellee to meet section 1989’s burden. Willful and wanton conduct is not the correct intent standard. See, e.g., Bill Terry’s Inc. v. Atlantic Motor Sales, 409 So.2d 507, 509 (Fla. 1st DCA 1982); Ryan v. Edwards, 592 F.2d 756 (4th Cir.1979). Nieto v. Pence, 578 F.2d 640 (5th Cir.1978) (if a transferor reasonably should have known that a vehicle’s odometer reading was incorrect, a court may infer that the transfer- or understood the risk of such an occurrence to have intended to defraud). As the court applied the wrong standard for intent, this matter must be reversed.
We also address appellant’s second point that the trial court erred when denying its request for lost profits as a portion of compensatory damages. The correct measure of damages in a breach of contract action includes the lost profits which would have resulted from the performance of the contract if the lost profits can be ascertained within a reasonable degree of certainty. See, e.g., Ed. L. Nezelek v. Southern Bell Telephone & Telegraph Co., 383 So.2d 979 (Fla. 4th DCA 1980); Ed Skoda Ford, Inc. v. P & P Paint & Body Shop, Inc., 302 So.2d 461 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 179 (Fla.1975). Because appellant’s claim for lost profits was not speculative, appellant is entitled to recover its lost profits as a portion of its compensatory damages.
Reversed and remanded for further proceedings.
GLICKSTEIN, C.J., and LETTS and WARNER, JJ., concur.

. Subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988(a) requires that when ownership of a motor vehicle is transferred the transferor must provide: (1) Disclosure of the cumulative mileage registered on the odometer; (2) Disclosure that the actual mileage in unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.