Jim CALDWELL d/b/a Caldwell Enterprises *v.* Roger JENKINS and Patricia Jenkins

CA 92-1304                                               856 S.W.2d 37

Court of Appeals of Arkansas
En Banc
Opinion delivered June 23, 1993

158

*R. Theodor Stricker*, for appellant.

*Etoch Law Firm*, by: *Louis A. Etoch*, for appellee.

JOHN E. JENNINGS, Chief Judge. The appellees, Roger and Patricia Jenkins, filed suit in Phillips County Circuit Court against Jim Caldwell, the appellant, seeking damages based on Caldwell's sale of a car to them, allegedly with knowledge that the odometer had been turned back. The complaint set out two theories of recovery: common law fraud (with a claim for punitive damages) and violation of Ark. Code. Ann. § 4-90-204 (Repl. 1991), which prohibits the sale of a motor vehicle with knowledge that the mileage registered on the odometer has been altered. The jury returned a verdict in favor of appellees and awarded them $4,635.00 in compensatory damages. Although the jury did not assess punitive damages, the circuit judge, pursuant to Ark. Code Ann. § 4-90-203 (Repl. 1991), increased the amount of damages awarded to $9,270.00 and awarded attorney's fees in the sum of $4,904.50.

For reversal, three arguments are made: that the attorney's fees awarded were excessive; that the court abused its discretion in doubling the amount of damages awarded by the jury; and that the trial court should have granted a directed verdict for the appellant. We find no error and affirm.

Appellant first argues that the trial court abused its discretion in granting appellees' attorney an unreasonable amount of attorney's fees. Arkansas Code Annotated § 4-90-203 provides that "[a]ny person injured by a violation of this subchapter shall recover the actual damages sustained together with costs and disbursements, including a reasonable attorney's fee. . . ." When attorney's fees are authorized by statute, the amount to be awarded lies within the broad discretion of the trial court. While there is no fixed formula to be used in setting a reasonable fee, *Federal Life Insurance Co.* v. *Hase*, 193 Ark. 816, 825, 102 S.W.2d 841, 845 (1937), the supreme court has adopted the list of factors to be considered set out in the American Bar Association's Code of Professional Responsibility. *Equitable Life Assurance Society* v. *Rummell*, 257 Ark. 90, 92, 514 S.W.2d 224, 226 (1974). These factors include the time and labor required and the results obtained. *New Hampshire Ins. Co.* v. *Quilantan*, 269 Ark. 359, 361, 601 S.W.2d 836, 837 (1980). We

have recognized the superior position of the trial judge to determine a reasonable attorney's fee because of his acquaintance with the record and the quality of services rendered. *Briscoe v. Shoppers News, Inc.*, 10 Ark. App. 395, 401-02, 664 S.W.2d 886, 890 (1984); *Farm Bureau Mut. Ins. Co.* v. *Kizziar*, 1 Ark. App. 84, 613 S.W.2d 401 (1981). The case at bar was tried to a jury, the record on appeal is 400 pages long, and the recovery in the trial court was substantial. On these facts, we cannot say the trial court's award was an abuse of discretion.

■ Appellant also argues that the trial court abused its discretion by doubling the amount of damages awarded by the jury. In addition to providing for the award of attorney's fees, § 4-90-203 provides that the court in its discretion may increase an award of damages to an amount not to exceed three times the actual damages sustained or $1,500.00, whichever is greater. Appellant contends that, because the jury refused to assess punitive damages, it was error for the circuit judge to double the amount of compensatory damages pursuant to this section. His argument is that, by requesting punitive damages, the appellees waived any rights they might have under Ark. Code Ann. § 4-90-203 to treble damages. This argument was not made to the trial court, and no authority is cited to support it. Had the appellees obtained an award of punitive damages the situation might be different, but given the fact that only compensatory damages were awarded by the jury, the trial court clearly had authority under the statute to double the amount of damages. *See Currier* v. *Spencer*, 299 Ark. 182, 185, 772 S.W.2d 309, 311 (1989).

Finally, appellant argues that there was insufficient evidence presented to support a verdict against appellant. We do not agree. The statute in issue, Ark. Code Ann. § 4-90-204(d) (Repl. 1991), provides that no person shall sell or offer for sale any motor vehicle with knowledge that the mileage registered on the odometer has been altered so as to reflect a lower mileage than the motor vehicle has actually been driven without disclosing such fact to prospective purchasers. Appellant does not argue on appeal that a disclosure was made.

■ Appellant testified that he had no knowledge that the odometer on the car sold to appellee had been rolled back and showed a false reading. However, appellee Patricka Jenkins

testified that, subsequent to appellees' purchase of the vehicle, she confronted appellant about appellees' suspicions in that regard. She stated that appellant told her that he did not turn back the odometer but that he knew who did. Appellant testified that the man that sold him the car gave him an odometer statement dated November 28, 1989, which showed the mileage on the car to be 40,090 miles. However, the record reflects that the invoice appellant gave appellees when they purchased the car was dated the following day, November 29, 1989, and showed the mileage to be approximately 8,000 miles less than the statement dated the previous day. The car actually had been driven more than 79,000 miles. The odometer statement dated December 1, 1989, given by appellant to the appellees shows the car's mileage as 40,352.

Whether a person has sold a motor vehicle with knowledge that the mileage registered on the odometer has been altered is a question of fact and evidence of such alteration is often circumstantial. *Boren* v. *State*, 297 Ark. 220, 224-25, 761 S.W.2d 885, 887 (1988). Evidence of alteration is shown by contrasting a previously higher odometer reading and the lower reading at the time the vehicle is sold to the complaining party. *See Boren* v. *State*, 297 Ark. at 224, 761 S.W.2d at 887. It is the responsibility of the jury to determine credibility and to settle disputed questions of fact. *Neugebauer* v. *Marlin*, 268 Ark. 1070, 1072, 598 S.W.2d 446, 447 (1980). Furthermore, it is the jury's sole prerogative to evaluate the conflicting evidence and draw its own inferences; the jury may draw any reasonable inference from the evidence presented. *Boren* v. *State*, 297 Ark. at 225, 761 S.W.2d at 888. The record reflects that there was sufficient evidence from which the jury could find that the appellant sold the vehicle to appellees in violation of § 4-90-204.

Affirmed.

MAYFIELD, J., concurs in part; dissents in part.

COOPER, J., dissents.

MELVIN MAYFIELD, Judge, concurring and dissenting. Although I concur with the majority opinion in affirming the attorney's fee allowed by the trial court, I cannot agree with the majority opinion in affirming the trial court's increase of compensatory damages. To explain my dissent, I first note that, as stated

in appellant's abstract, the amended complaint filed by the appellees alleged three causes of action.

One cause of action was based on 15 U.S.C. § 1984 (1982), which provides that "no person shall disconnect, reset, or alter or cause to be altered, the odometer of any motor vehicle with intent to change the number of miles indicated therein." This section is part of Title IV of the Federal Motor Vehicle Information and Cost Savings Act of 1972 (Pub. L. No. 92-513, 86 Stat. 963). Section 409 of the Act is codified at 15 U.S.C. § 1989 (1982) and provides as follows:

> (a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of —

> (1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

> (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

> (b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

The second cause of action asserted in the amended complaint was based upon an alleged violation of Ark. Code Ann. § 4-90-206 (Repl. 1991), committed by not giving appellees an accurate odometer statement. Recovery of damages for such violation is provided as follows:

> Any person injured by a violation of this subchapter shall recover the actual damages sustained together with costs and disbursements, including a reasonable attorney fee, provided that *the Court in its discretion may* increase the award of damages to an amount not to exceed three (3) times the actual damages sustained or One Thousand Five

Hundred Dollars ($1,500), whichever is greater.

Ark. Code Ann. § 4-90-203 (Repl. 1991) (emphasis added).

A third cause of action was based on common law fraud for alleged false representations made with intent to induce the appellees to buy the vehicle involved in this case, and the amended complaint asked for punitive damages on this cause of action.

This suit was brought against two defendants, but judgment was obtained against the appellant only. The other defendant filed a notice stating he had filed for bankruptcy, and the appellees subsequently dismissed against him. Although the appellant testified that he bought the vehicle from the other defendant and did not know the odometer had been rolled back, the jury found against appellant. The case was submitted on instructions that allowed a verdict for appellees for the violation of Ark. Code Ann. §§ 4-90-201 to 206 or on the common law action for deceit. The jury returned two verdict forms. One found for appellees and awarded them "compensatory damages in the sum of $4,635." The other verdict found for appellees and awarded them "punitive damages in the sum of $0.00." The court entered judgment for the $4,635.00 compensatory damages allowed by the jury, plus another $4,635.00 allowed by the judge, for attorney fees in the amount of $4,904.50, and for court costs of $533.04. The total judgment was for $14,707.54.

I will discuss only the damage award. It is, of course, clear that the jury did not award punitive damages to the appellees, or perhaps more correctly — the jury awarded the appellees "the sum of $0.00" for punitive damages. In either event, the appellees' abstract shows that after the jury had returned its verdict, appellees' counsel was given permission by the judge to submit a motion for treble damages, and the appellant's abstract shows that in a letter filed with the clerk, the judge stated that "the damages of $4,635.00 awarded by the jury should be increased to $9,270.00." This is double the $4,635.00 awarded by the jury as compensatory damages. The letter states no reason for the increase, and appellees' brief simply states that the judge was "exercising his discretion" and acting "within his power to make such a ruling." Ark. Code Ann. § 4-90-203 and the case of *Currier* v. *Spencer*, 299 Ark. 182, 772 S.W.2d 309 (1989), are cited as support for the judge's action.

In *Currier* v. *Spencer* the appellee obtained a judgment on his counterclaim. He recovered $1,500.00 for "the difference between the purchase price of the automobile . . . and the actual value of the automobile," as damages for breach of warranty and misrepresentation. *See* 299 Ark. at 185-86, 772 S.W.2d at 311. This amount was doubled under Ark. Code Ann. §§ 4-90-203 and 206. *See* 299 Ark. at 185, 772 S.W.2d at 311. He was also granted an attorney's fee under the Magnuson-Moss Act (not the federal act referred to in this case). *See* 299 Ark. at 184, 772 S.W.2d at 311. However, the opinion makes no mention of punitive damages and, apparently, such damages were not sought. With respect to the doubling of the damage award, the opinion in *Currier* v. *Spencer* simply cites Ark. Code Ann. §§ 4-90-203 and 206 and states that doubling the award was "proper."

The appellant in the instant case also cites *Currier* v. *Spencer* and says it "stands for the proposition that the Arkansas Supreme Court will review the actions of the trial court to determine if there has been an abuse of discretion in imposing additional damages" and argues that in the instant case "the court's discretion granted by statute was abused." Thus, the appellant's argument on appeal is not really — certainly not only — confined to the argument stated in the majority opinion "that, by requesting punitive damages, the appellees waived any rights they might have . . . to treble [or double] damages." What the appellant is actually arguing is that the trial court abused its discretion when, under the circumstances of this case, the court doubled the compensatory damage award made by the jury.

Whether a judge has properly exercised his or her discretion has not been the subject of much in-depth discussion. The Supreme Court of Arkansas usually simply states that there was or was not "an abuse of discretion." *See, e.g., Henry* v. *State,* 309 Ark. 1, 828 S.W.2d 346 (1992). In *Smith* v. *City of Little Rock,* 279 Ark. 4, 648 S.W.2d 454 (1983), the court concluded its opinion by stating that a ruling on a motion for continuance is within the sound discretion of the trial court and will not be disturbed unless the court "abused that discretion by acting arbitrarily and capriciously." And in *Looper* v. *Madison Guaranty Savings & Loan Association,* 292 Ark. 225, 233-34, 729 S.W.2d 156, 160 (1987), the court quoted from an earlier case as follows:

> [I]n reviewing the exercise of discretion, the test is whether the ordinary, reasonable, prudent judge, under all the facts and circumstances before him, would have reached the conclusion that was reached.

*Looper* was cited and followed by the Arkansas Court of Appeals in *American Livestock Insurance Co.* v. *Garrison*, 28 Ark. App. 330, 774 S.W.2d 431 (1989).

"Abuse of discretion" is discussed in 1 Childress & Davis, *Federal Standards of Review* § 4.21 (2nd ed. 1992). The second citation in the discussion is to a case which states:

> "Abuse of discretion" is a phrase which sounds worse than it really is. All it need mean is that, when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.

*In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954). The discussion of abuse of discretion is summed up as follows:

> It appears, therefore, that often an abuse of discretion standard in civil and criminal appeals should not be equated with a test for unreasonableness. The appellate court must defer to true exercises of discretion but should not wait, in many contexts, until the judge had been wholly unreasonable or whimsical before reversing. After all, even a deferential abuse yardstick does not insulate the judge from accountability. It still allows the appellate court to check for an injustice (much like the clearly erroneous rule), based in turn on the trial court's own duty to use "sound discretion, exercised with regard to what is right and in the interests of justice. And an appellate court is not bound to stay its hand and place its stamp of approval on a case when it feels that injustice may result."

*Federal Standards of Review* at 4-160 (citations omitted).

In *Boren* v. *State*, 297 Ark. 220, 223, 761 S.W.2d 885, 887 (1988), the court said it had looked to 15 U.S.C. § 1981 (that act which was referred to at the beginning of this dissent), and cases

under that act as authority in the application of our odometer act because the two acts were very similar. Therefore, it is appropriate to look at cases under the federal act in the consideration of whether the trial judge abused his discretion in doubling the damage award in the instant case. One case in which the federal act was involved is *Rice* v. *Gustavel*, 891 F.2d 594 (6th Cir. 1989). There, the appellants recovered treble damages under the federal act but contended they were also entitled to compensatory and punitive damages for common law fraud — in addition to the treble damages. The trial court denied the appellants' contention. The appellate court affirmed and said, "We find no merit to the Rices' contention that they are entitled to additional compensatory and punitive damages under their common law fraud claim." *Id.*, at 597. Another case on that point is *Bill Terry's Inc.* v. *Atlantic Motor Sales*, 409 So.2d 507 (Fla. App. 1982), where the appellee brought suit on counts of breach of warranty, fraud, and violation of the federal act. The jury assessed both actual and punitive damages under the fraud count, and the judge tripled the actual damage award under the authority of the federal act. On appeal the court said:

> We agree with appellant that an award of both treble damages and punitive damages for the same act amounts to a double recovery or an excessive penalty.

*Id.*, at 509. This case was cited, among others, as support for a portion of the opinion in *Verdonck* v. *Scopes*, 590 N.E.2d 545 (Ill. App. 1992). There, the plaintiff brought suit alleging causes of action under the federal act, two acts of the State of Illinois, and common law fraud. He was awarded both compensatory damages, which were trebled, and punitive damages. On appeal the court said the plaintiff "may not recover both punitive damages and statutory treble damages, as such a dual award amounts to double recovery, or double punishment, for the same wrongful behavior." *Id.*, at 550. It should be noted, however, that in both *Bill Terry's Inc.* and *Verdonck*, the plaintiff was allowed to keep either the increased compensatory damage award *or* the punitive damage award, whichever was greater. Our cases in Arkansas have applied the principle just discussed. In *Stoner* v. *Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979), the point is summed up as follows:

> The Houstons' lawsuit was for damages to timber under Ark. Stat. Ann. § 50-105 (Repl. 1975), and common law trespass. The statute allows triple damages, which are punitive in nature, and the Houstons sought punitive damages in connection with the trespass. They were awarded both. In this case, under the facts recited, it amounted to a double punitive recovery for the illegal act. The elements of damages were the same, and such a recovery is prohibited.

265 Ark. at 933, 582 S.W.2d at 30-31. Another case on the same point is *Tricou* v. *ACI Management, Inc.*, 37 Ark. App. 51, 823 S.W.2d 924 (1992). In that case the Arkansas Court of Appeals held that the trial court had abused its discretion in awarding a default judgment, as a sanction for failing to comply with an order to furnish discovery information, and also punitive damages without any additional evidence of conduct to support the punitive damage award. We said:

> So, while we do not find the court erred in the imposition of the sanction of liability for compensatory damages, we hold that it would be an abuse of the trial court's discretion to extend its sanction to liability for punitive damages. . . . It is clear that the sanction imposed in this case for failing to comply with the order to furnish information was for punishment. Awarding liability for compensatory damages seems punishment enough for failing to furnish the information. To also award liability for punitive damages would smack of double punishment.

37 Ark. App. at 59, 823 S.W.2d at 929 (citation omitted).

Considering the decisions from other jurisdictions which have dealt with the allowance of both compensatory and punitive damages under 15 U.S.C. § 1989 (1982) and the Arkansas decisions dealing with the same principal of law in other situations, I believe it was an abuse of discretion, under the meaning of that term as discussed above, for the trial judge in this case to double the jury's award of compensatory damage. I am even more convinced when I consider that 15 U.S.C. § 1989 provides that any person violating that act *shall* be liable in an amount equal to three times the actual damages sustained or $1,500, whichever is

greater, and our act in Arkansas only gives the judge the *discretion* to increase the actual damages sustained.

Of course, I recognize that the judgment in the instant case did not award both punitive damages and an increase in compensatory damages, but after a jury finds that a defendant's conduct does not justify the assessment of the penalty of punitive damages, I do not think the judge, in the proper exercise of his discretion, should assess a penalty by increasing the compensatory damages. Such action tends to undercut the force of the jury's verdict and denigrate its status as an expression of democracy in our system of justice. After all, "one of the major functions of any system of law is to assure its own acceptance in the society it governs." Robert Leflar, *One Life in the Law*, 129 (1985). The trial judge did not give any indication of his reason for doubling the jury's award. The judge allowed an attorney's fee that is clearly adequate, plus trial court costs of $533.04. To affirm the increase in the compensatory damage under the circumstances of this case simply allows discretion to "run free." Llewellyn says "*no* discretion has any business to be wholly free." (Emphasis in the original.) *See* Karl Llewellyn, *The Common Law Tradition, Deciding Appeals*, (1960) at 217.

I respectfully dissent from the affirmance of the trial judge's increase of the jury's award of compensatory damages.

COOPER, J., joins in this dissent.