Ms. JoAnn C. Quirk, Director State Board of Collection Agencies 523 South Louisiana, Suite 402 Little Rock, AR 72201
Dear Ms. Quirk:
This is in response to your request for an opinion on A.C.A. § 4-60-103
and other matters. Somewhat restated, your questions are as follows:
 1. What is the maximum amount that a collection agency may charge for collecting checks on behalf of a merchant and what costs are included in collection costs?
 2. Is proof of mailing a demand letter certified mail return receipt requested sufficient to show liability for twice the amount of the insufficient check or must actual notice by the debtor be proved?
 3. Can attorney's fees be assessed and collected prior to initiating court proceedings? And what are reasonable attorney fees?
4. Can a collection agency pass its sales tax cost on to the debtor?
5. When may interest be charged and in what amount?
 6. Does A.C.A. § 17-21-309(a) affect the amount of interest that may be charged or the collection costs that may be charged to the debtor?
The answer to your first question regarding the maximum amount that a collection agency may charge for collecting checks on behalf of a merchant is, in my opinion, answered by the Supreme Court's recent decision in Cheqnet Systems, Inc. v. State Bd. of Collection, No. 94-683, slip op. Ark. Jan. 17, 1995 (copy enclosed). There the Court concluded that under A.C.A. §§ 5-37-303, -304 and -307, fifteen dollars ($15.00) is the maximum service charge allowed under Arkansas law on checks returned insufficient. The Court said "we have no hesitancy in holding that the General Assembly intended to prohibit the party holdinga dishonored check from assessing a collection fee in excess of $15.00 per check." Id. at 2 (emphasis added).
Though your letter refers to A.C.A. § 4-60-103 — Liability for Restitution — that provision of the code provides the same fifteen dollar ($15.00) maximum service charge. It is my opinion that the Supreme Court's views as to §§ 5-37-303, -304, and -307 settle the question of the maximum charge.[1] Of course, however, if the insufficient check is not paid within thirty days of written demand by certified mail return receipt requested, paragraph (b) of § 4-60-103 provides for a minimum liability of fifty dollars ($50.00) and for interest and costs of collection including reasonable attorney fees.
The second part of your first question concerns, I assume, only what costs are covered in collection after thirty days, as fifteen dollars ($15) is the maximum charge before thirty days. The statute does not delineate what costs are allowed, but it plainly allows for a minimum charge of fifty dollars ($50) and twice the amount of the check when that sum is greater than fifty dollars ($50). Thus, even on checks less than twenty-five dollars ($25), the fifteen dollar ($15) maximum service charge can be exceeded. The statute places no limit on what the collection costs might be, and, in fact, allows such costs to include reasonable attorney fees. Thus, I am unable to say what costs are included when a debtor fails to make restitution within thirty days, except to say that on any check the sum will be at least fifty dollars ($50) (or twice the amount of the check, whichever is greater), collection costs (presumably at least fifteen dollars ($15)), interest, and reasonable attorney fees.[2]
 2. Is proof of mailing a demand letter certified mail return receipt requested sufficient to show liability for twice the amount of the insufficient check or must actual notice by the debtor be proved?
The answer to your second question, in my opinion, is that the proof of mailing the notice certified mail return receipt requested is all that the statute requires for proof under A.C.A. § 4-60-103(b).
 3. Can attorney's fees be assessed and collected prior to initiating court proceedings? And what are reasonable attorney fees?
The answer to your third question, in my opinion, is "yes." Section4-60-103(b) by its terms provides that the debtor may be liable for "costs of collection including reasonable attorney fees[,]" even in the absence of litigation. The concluding sentence of paragraph (b) provides that "[i]n an action brought under this subsection the prevailing party may recover court costs and reasonable attorneys' fees." Thus, the statute contemplates that a debtor is liable for attorney fees as part of collection costs when restitution is not made within thirty days of written demand, and the statute contemplates that the debtor (or other non-prevailing party) is liable for attorneys' fees in an action brought under the statute.
The second part of your question is beyond the scope of an opinion from this office. A reasonable fee is not defined by the statute and would more appropriately be resolved by the courts. See Caldwell v. Jenkins,42 Ark. App. 157, 856 S.W.2d 37 (1933) (no fixed formula for setting a reasonable fee).
4. Can a collection agency pass its sales tax cost on to the debtor?
The answer to your fourth question is answered in the Code at A.C.A. §26-52-301(3)(E)(ii)(a)-(d), subpart (c) of which provides that the debtor may be charged for the appropriate tax "in addition to the amount of the debt being collected."
5. When may interest be charged and in what amount?
The answer to your fifth question is, in my opinion, that interest may be charged from the time the check is returned insufficient until such time as the debt is collected, but only if the debtor does not pay the restitution and fifteen dollar ($15) charge within thirty days of notice under paragraph (b). The interest charged, of course, must be consistent with Amendment 60 of 1982 changing the usury law in Ark. Const. Art. 19, § 13.
 6. Does A.C.A. § 17-21-309(a) affect the amount of interest that may be charged or the collection costs that may be charged to the debtor?
The answer to your sixth question, in my opinion, is "no." Section 17-21-309 limits the collection charge that a collection agency may charge its client, the creditor, not the amount it may charge the debtor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] Act 335 of 1995 (copy enclosed) amended A.C.A. §§ 4-60-103,5-37-303, -304, and -307 to raise the minimum fee to twenty dollars ($20). This act will become effective ninety days after the adjournment of the current legislative session.
[2] Act 288 of 1995 (copy enclosed) amended § 17-21-203 to require that the State Board of Collection Agencies "use, to the greatest extent possible, the interpretation and construction of federal Fair Debt Collection Practices Act and any other applicable portions of the debt collection laws of the United States in interpreting and applying [17-21-100 et seq.] and the rules and regulations promulgated by the board." The Fair Debt Collection Practices Act is 15 U.S.C. § 1692.