Floyd D. STURGIS, a/k/a Drew Sturgis and Venessia Rae
Sturgis *v*. The LEE APPAREL COMPANY, Inc.

90-285                                          800 S.W.2d 719

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Skokos, Coleman & Rainwater, P.A.*, by: *Jay Bequette*, for appellant.

*W.J. Walker*, by: *Kendall R. Black*, for appellee.

STEELE HAYS, Justice. Floyd and Vanessia Sturgis appeal from a judgment awarded to The Lee Apparel Company, Inc. (Lee) for $44,038.48. Lee's judgment was based on the amount of an insufficient check drawn on The Jean Joint of Mid-America, Inc., by Floyd Sturgis and on a balance due Lee for merchandise sold to that corporation.

On September 11, 1985, as an inducement to Lee to extend credit to The Jean Joint of Mid-America, Inc., Floyd and Vanessia Sturgis executed an agreement by which they personally guaranteed payment of all indebtedness incurred by The Jean Joint of Mid-America, Inc., owing to Lee. On May 4, 1987, Floyd Sturgis wrote a check to Lee drawn on the account of The Jean Joint of Mid-America, Inc., in the amount of $20,336.41. The check was returned due to insufficient funds. Lee made demand for the payment on February 16, 1989.

When payment was not forthcoming Lee filed suit against the Sturgises for $39,703.57 ($20,336.41 due on the insufficient check and $19,367.16 for merchandise purchased on an open account). Pursuant to Act 66 of 1987 [Ark. Code Ann. § 4-6-103 (1987)], Lee asked for twice the amount of the check.

The case was tried without a jury. After allowing a set-off of $18,001.50 for returned merchandise, the trial court awarded Lee a judgment which included double the amount of the insufficient check. The Sturgises have appealed, assigning error to several of the rulings of the trial court. We affirm the judgment.

■■ The Sturgises submit that Act 66 is not applicable because the check was written in May whereas the act did not become effective until July. But this point was not preserved in the trial court and will not be considered here. The Sturgises submit that the doctrines of plain error and subject matter jurisdiction obviate the necessity of an objection before the trial court. But we do not recognize plain error [beyond the limited scope outlined in

*Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (Ark. App. 1980)], and we have not been shown how jurisdiction was lacking in this case. The Sturgises have offered no authority for their position and we are not aware of an instance where we have treated an improper application of a statute (alleged) as a jurisdictional issue.

■■ Secondly, the Sturgises maintain that if the statute in question is applicable, they substantially complied by making restitution by returning merchandise purchased from Lee for which the check was given. However, the testimony supports a contrary conclusion. The returns were made before February 16, 1989, the date of Lee's formal demand for payment, and Floyd Sturgis's testimony supports an inference that the merchandise was returned because the stores were going out of business, not in restitution of the dishonored check. Even after the merchandise was returned, the Sturgises still had an outstanding account balance with Lee. The only way for the Sturgises to make restitution would have been to honor the check. Moreover, the restitution contemplated in Act 66 is in cash. The language is clear. After demand is made the payee has fifteen days ". . . to pay the holder of the check . . . the amount of the check . . . ." As we said in *Townsend* v. *State*, 292 Ark. 157, 160, 728 S.W.2d 516, 518 (1987), "This court has no authority to construe a statute that is plain and unambiguous to mean anything other than what it says."

■ The Sturgises next argue the guaranty agreement did not extend to claims arising under Act 66. Therefore, they urge, the dishonored check should be an obligation of The Jean Joint of Mid-America, Inc., which was not made party to this action. However, we think the language of the guaranty itself answers that contention. By its terms, the Sturgises, as individuals, agreed "to make prompt payment . . . of all sums owed . . . on said account or accounts and of any and all other obligations *of every kind and character* arising or evidenced, and also of any and all renewals or extensions. . . ." (Emphasis added.)

> "Although it is true that a guarantor is entitled to have his undertaking strictly construed and cannot be held liable beyond the strict terms of his contract, a guarantor is nevertheless bound by the clear wording of his agree-

ment." *Lindell Square Limited Partnership v. Savers Federal Savings and Loan Association*, 27 Ark. App. 66, 71, 766 S.W.2d 41, 44 (1989).

■■ Nor do we find merit in the final point. Mr. and Mrs. Sturgis owned the stock of two corporations, The Jean Joint, Inc. and The Jean Joint of Mid-America, Inc. Their personal guaranty covered only the obligations of The Jean Joint of Mid-America, Inc. They contend that while their personal guaranty secured payment of all indebtedness of The Jean Joint of Mid-America, Inc., the debts in question are debts of The Jean Joint, Inc. Granted, there was evidence that some invoices were addressed to The Jean Joint, Inc., rather than to The Jean Joint of Mid-America, Inc. But Floyd Sturgis conceded that billing invoices which once read The Jean Joint of Mid-America, Inc., were later shortened to The Jean Joint, Inc. The change in the wording of the invoices does not change the fact The Jean Joint of Mid-America, Inc. was receiving the merchandise. Floyd Sturgis also testified that all the returned merchandise came from The Jean Joint of Mid-America, Inc. Too, the check executed to pay the debts in question was drawn on The Jean Joint of Mid-America, Inc., and in a bankruptcy petition The Jean Joint of Mid-America, Inc., listed these liabilities as its own. The trial court heard this testimony and concluded that The Jean Joint of Mid-America, Inc. was the debtor. Findings of fact by trial court will not be set aside unless clearly erroneous. *Loveless* v. *May*, 278 Ark. 127, 644 S.W.2d 261 (1983). Floyd and Vanessia Sturgis have not shown the trial court's findings were erroneous and therefore the judgment is affirmed.