X. DOTSON and Fern Dotson, Husband and Wife, and
Dotson Land and Cattle Co., Inc. *v.* MADISON COUNTY,
Arkansas

92-701                                              844 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered January 11, 1993
[Rehearing denied February 15, 1993.*]

*Phillip A. Moon*, for appellants.

*Howard Cain, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. This is a condemnation case.
In 1986, the Arkansas State Highway Commission petitioned the
County Court of Madison County and asked the County Court to
condemn some property adjacent to State Highway 295 in
Madison County so that some of the curves in the road could be
made safer. Section 27-67-212 of the Arkansas Code Annotated
of 1987 provides that the Commission may request that the
county condemn land for a change in a state highway. Section 27-
67-212(b) provides that if a county refuses the Commission's
request, the Commission may either refuse to improve the road or
file the condemnation action itself and force the county to pay for
half of the cost of condemnation. Ark. Code Ann. §§ 27-67-

---

*Holt, C.J., not participating.

212(b); 27-67-320 (1987). Madison County acceded to the Commission's request and commenced condemnation proceedings against the appellants. The County Court of Madison County condemned a perpetual easement over some of appellants' land for highway purposes. Appellants were given notice of the order after it was entered.

Appellants filed a petition in the County Court of Madison County in which they alleged: "That said statutes in that they allow petitioners' rights to be decided without notice or hearing are unconstitutional on their face and as applied in this case, because they violate petitioners' due process rights guaranteed under both the Arkansas and United States Constitution[,]" and alternatively asked for damages. The record does not reflect what was argued to the County Court. The record reflects only that the Judge of the County Court ruled, "That Ark. Stat. Ann. §§ 76-926 and 76-928 do not violate Petitioners' due process rights under either the Arkansas or United States Constitutions." The County Court ruled that the improvements to the highway benefitted appellants' land to such an extent that no damages were due.

Appellants appealed to circuit court and apparently made a due process argument that is not in the record currently before us, and alternatively asked for damages. The trial court rejected the due process argument and set the case for trial. A jury awarded a judgment against the Commission. The Commission appealed. We held that the Commission was not the proper party defendant and reversed and remanded. *Arkansas State Highway Comm'n v. Dotson*, 301 Ark. 54, 781 S.W.2d 459 (1989). Upon remand, the case was again tried in circuit court. This time, a jury found that appellants were not entitled to any damages.

Appellants appeal and argue that their right to due process has been violated since the county judge, who presides over the county court and initially determines the value of the land condemned, is also the chief executive officer of the county, and accordingly, has an interest in not fully and fairly assessing the damages suffered by a landowner. In support of their argument they cite *Tumey v. Ohio*, 273 U.S. 510 (1920), *Ward v. Village of Monroeville*, 409 U.S. 57 (1972), and *Gore v. Emerson*, 262 Ark. 463, 557 S.W.2d 880 (1977). The argument might well have

merit, but we do not reach it.

The record of the proceedings in the trial court reflects only that the appellants argued they were denied due process because they were not given notice before the condemnation proceeding was commenced. Similarly, the judgment reflects only that "issues pertaining to the constitutionality of Ark. Code Ann. § 27-67-212 and Ark. Code Ann. § 14-298-121 [are] being submitted herein to the court for proper adjudication and determination. . . ." The judgment does not reflect that the trial court ruled on these "issues," but the record discloses that the trial court ruled from the bench, "I'm going to deny your motion to declare those statutes unconstitutional again."

██ The record does not reflect that an argument was presented to the court that the appellants were denied due process because of the dual capacities of the county judge, or that the trial court ruled on such an argument. Generally, an appellate court in this State reverses a trial court only when that trial court has committed some prejudicial error, and if an issue was never presented to the trial court, it could not have committed error on that issue. *See Viking Ins. Co.* v. *Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). As a general rule, plain error is not recognized by our state appellate courts, *Sturgis* v. *Lee Apparel Co.*, 304 Ark. 235, 800 S.W.2d 719 (1990), and, as we have so often said, appellate courts will not consider an argument presented for the first time on appeal. *Moorman* v. *Lynch*, 310 Ark. 525, 837 S.W.2d 886 (1992).

Affirmed.

HOLT, C. J., not participating.