Glen HINSON *v.* Vivian EATON

95-390                                    908 S.W.2d 646

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*Chisenhall, Nestrud & Julian, P.A.,* by: *Jim L. Julian* and *Janie W. McFarlin,* for appellant.

*Mike Wilson,* for appellee.

TOM GLAZE, Justice. Appellant Glen Hinson brought this tort case against appellee Vivian Eaton, alleging Eaton had sold him a 1985 Cadillac as a one-owner car with 68,607 registered miles. After having problems with the car, Hinson checked the car's chain of title at the Department of Motor Vehicles, and discovered it had at least five previous owners and over 168,000 actual miles. Hinson contacted Eaton to tell her the car's history and to settle this dispute with her, but Eaton denied any knowledge of the car's true mileage. Eaton claimed that she told Hinson at the time of the sale that the "guy she bought the Cadillac from told her that it was a one-owner car and these (68,607) were the actual miles." Hinson stopped his payments to Eaton, and Eaton repossessed the vehicle. Hinson subsequently sued Eaton for (1) federal and state statutory violations in failing to disclose the car's true mileage, (2) common law fraud and (3) conversion for wrongful possession.

After a bench trial, the trial judge submitted a letter opinion wherein he found no evidence of statutory violations. The judge found Hinson had purchased the 1985 Cadillac "as is," Eaton had quoted the prior owner when she told Hinson the car was a "one-owner," and Eaton was never shown to be linked to the bogus odometer information contained on the car's title documents. Based upon these findings, the trial judge dismissed Hinson's suit. In an effort to have the trial judge rule on Hinson's fraud and conversion theories of recovery, Hinson filed a motion for new trial and an alternative motion to amend the trial court's findings. Although a hearing was held on these motions, the judge took the motion under submission but failed to rule on them. After Hinson's motions were deemed denied under Ark. R. App. P. 4(c), Hinson filed this timely appeal.

Hinson's first argument questions the trial court's reading of the federal and state laws concerning odometer disclosure requirements, and the trial court's requiring scienter or "evil motive" as prerequisite to finding a violation of those laws. Hinson contends that these odometer disclosure laws impose liability on a seller or transferor of a car who makes an affirmative rep-

resentation regarding the mileage of a motor vehicle without verifying the accuracy of that representation.

The state and federal statutes in issue here are Ark. Code Ann. § 4-90-206(a) (Repl. 1991) and 15 U.S.C. § 1988(a) (*repealed by* Public L. 103-272 § 7(b) July 5, 1994, 108 State. 1379)[1] which read in pertinent part as follows:

> § 4-90-206(a). No person shall transfer a motor vehicle without disclosing in writing to the transferee the true mileage registered on the odometer reading or that the actual mileage is unknown if the odometer reading is known by the transferor to be different from the true mileage.

> 15 U.S.C. § 1988(a). A transferor of ownership in a vehicle shall disclose to the transferee either (1) the cumulative mileage registered on the odometer or (2) that the actual mileage is unknown, if the reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

From reading the above statutes, if Eaton had known the odometer reading on the 1985 Cadillac was different from the number of miles the vehicle actually traveled, she was required to disclose in writing either the true mileage or that the mileage is unknown. The legal issue arises, however, whether Eaton must meet disclosure requirements if she had *constructive* rather than *actual* knowledge that the Cadillac's odometer mileage reading was wrong.

Here, the evidence is undisputed that, when Eaton sold the car to Hinson, she possessed a title document which reflected on its face that the car's odometer reading was 31,504 and not the 68,000 plus mileage showing on the car's odometer. The car title's issuance date and owner's information also conflicted with Eaton's date of purchase and possession of the car. Hinson urges that these discrepancies put Eaton on notice that the mileage on the Cadillac's odometer may not be accurate, and thus, she had the duty to disclose the car's true mileage to Hinson or inform him the actual mileage is unknown.

---

[1] New statutes concerning odometers were enacted July 5, 1994, and are found at 49 U.S.C. §§ 32701–32711. Because 15 U.S.C. §§ 1981–1989 were in effect at the time Hinson's cause of action arose, we apply those statutory requirements in the present case.

■ In *Smith* v. *Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993), this court dealt with a transferor's liability under the federal odometer disclosure law, 15 U.S.C. § 1988(a). There, Junior C. Landis had purchased a truck from Walt Bennett Ford, but several years afterwards, Landis defaulted on his payments, and voluntarily returned the truck to Bennett Ford.[2] Bennett Ford later sold the truck to Richard Smith, and certified the truck's mileage to be 45,890. Smith later experienced problems with the truck, and while having his truck checked by J. A. Riggs Tractor Company, he learned that Riggs Tractor had previously repaired that truck when its odometer read 84,272. Afterwards, Smith brought suit against Bennett Ford, alleging Bennett Ford had violated 15 U.S.C. § 1988 of the Federal Odometer Fraud Act, and alternatively common law fraud. On appeal, this court upheld the trial court's ruling denying Bennett Ford's motion for directed verdict, and in doing so, this court held actual knowledge on a transferor's part is not a requirement under the Federal Odometer Fraud Act and that constructive knowledge or reckless disregard is sufficient.

This court's holding in *Smith* is consistent with *Ryan* v. *Edwards*, 592 F.2d 756 (4th Cir. 1979), where the Fourth Circuit Court of Appeals, in construing 15 U.S.C. § 1988, recognized constructive knowledge, recklessness, or even gross negligence in determining and disclosing the actual mileage traveled by a vehicle were sufficient to support a finding of intent to defraud under the statute. *See also Nieto* v. *Pence*, 578 F.2d 640 (4th Cir. 1978) (transferor who lacks actual knowledge that odometer reading is incorrect may still have a duty to state that actual mileage is unknown, and seller had duty to disclose that actual mileage was unknown where, in exercise of reasonable care, he would have had reason to know that mileage was more than that which odometer had recorded or previous owner had certified).

■ In *Currier* v. *Spencer*, 299 Ark. 182, 772 S.W.2d 309 (1989), this court had an opportunity to consider Arkansas's odometer disclosure law, § 4-90-206(a)(1987). There, Currier sold a 1984 Datsun 300ZX as a one-owner car to Rod Spencer. Spencer later discovered the Datson had been wrecked and the

---

[2]Landis actually purchased fifteen trucks from Bennett Ford, but only one of the trucks figured in the dispute which resulted in the *Smith* decision.

rear one-third of the vehicle had been replaced with that of another car. Spencer stopped his car payments, Currier filed suit for damages and Spencer counterclaimed, alleging breach of warranties and a failure to provide an odometer disclosure statement required under § 4-90-206(a). The *Currier* court upheld the trial court's decision that Currier had an affirmative duty to inform Spencer that the odometer reading on the Datsun did not reflect the car's actual mileage, since it showed only the mileage for the front two-thirds of the vehicle.

■ When considering the foregoing case law, we must conclude that the trial court gave too restrictive an interpretation of § 4-90-206(a) and 15 U.S.C. § 1988 in suggesting Eaton's liability depended upon her actual knowledge. The trial court incorrectly determined that Eaton had to be linked to the actual bogus transaction, causing the false mileage to be placed on the Cadillac's title and leading to the misrepresentation of the mileage appearing on the car's odometer. Nor could Eaton avoid her duty and liability under these laws merely by quoting a prior owner's remarks that the miles on the car were actual. Eaton acknowledged that, had she closely examined the car's title which she possessed when selling the car to Hinson, she would have realized the discrepancy in the miles appearing on the title and the number of miles she knew were on the car. If Eaton had constructive knowledge that the odometer reading was different from the miles the vehicle actually traveled or she exercised reckless disregard in determining and disclosing false mileage information, Eaton is subject to liability under the above statutory provisions. Because the trial judge erred in assuming the federal and state provisions required Eaton's actual knowledge or involvement in these matters, we must reverse and remand this cause for further proceedings.

■ We must also touch on Hinson's argument that the trial court erred in failing to hold in his favor on his common law misrepresentation theory. Hinson cites *Grendall* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987), for the proposition that one who makes statements which are known to be false, or, else not knowing their verity, asserts them to be true, and upon which someone else relies to his detriment, has committed misrepresentation and is liable for damages incurred as a result of those misrepresentations. Here, Hinson points out that, when Eaton represented the Cadillac as a one-owner car with 68,000 plus

actual miles on it, she did not know the verity of that representation. At the least, our review of the record reflects fact issues exist on this misrepresentation count and need to be addressed at the retrial of this cause.

■ Finally, we mention Hinson's claim for conversion and the trial court's failure to reach or decide this issue. At trial, Hinson argued Eaton's repossession was an act of conversion, since Hinson was current on his payments. On appeal, however, he argues conversion occurred because Eaton never retained a security interest in the vehicle. We simply dispose of this issue based on the settled rule that a party may not change his argument on appeal. *See Dotson* v. *Madison County*, 311 Ark. 395, 844 S.W.2d 371 (1993).

For the reasons above, we reverse and remand.