Ronald COLDING d/b/a Ronald Colding Motors *v.*
Betty WILLIAMS

CA 95-174                                      920 S.W.2d 507

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 1996
[Petition for rehearing denied June 5, 1996.]

*Christopher C. Mercer, Jr.*, for appellant.

*William A. McLean*, for appellee.

JAMES R. COOPER, Judge. The appellee in this civil case purchased a 1986 Lincoln Town Car from the appellant's used car lot in April 1991. She subsequently brought an action alleging, *inter alia*, that the appellant intentionally misrepresented the automobile's mileage at the time of the sale. After a bench trial the trial court entered judgment for the appellee in the amount of $5,000.00, plus costs and attorney's fees. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in finding that he violated the mileage disclosure requirement of Ark. Code Ann. § 4-90-206(a) (Repl. 1991), and that the trial court erred in awarding $5,000.00 in damages. We find no error, and we affirm.

In his first point for reversal, the appellant argues that there is no substantial evidence to support the trial judge's finding that the appellant intentionally violated the statute, and that Ark. Code Ann. § 4-90-206 cannot be satisfied by a showing of mere negligence. We address only the first part of this argument because it is dispositive of the entire issue.

Arkansas Code Annotated § 4-90-206(a) (Repl. 1991) provides that:

No person shall transfer a motor vehicle without disclosing

in writing to the transferee the true mileage registered on the odometer reading or that the actual mileage is unknown if the odometer reading is known by the transferor to be different from the true mileage.

As used in Ark. Code Ann. § 4-90-206(a), "person" is defined as "an individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity." Ark. Code Ann. § 4-90-201(3) (Repl. 1991).[1]

In the case at bar, the record shows that the appellant was the owner of Ronald Colding Motors and that the appellant's brother was employed as a salesman. Both the appellant and his brother dealt with the appellee at the time the automobile was purchased. The appellee testified that the appellant told her that the automobile was a "good, low-mileage" car, and that she noticed that the odometer reading was approximately 9,800 miles. The record further shows that the car was sold to the appellee after execution of an "Odometer Disclosure Statement" certifying that, to the best of the seller's knowledge, the odometer reading of 9,892 miles reflected the actual mileage of the vehicle.

Although the appellant testified at trial that he knew at the time of the sale that the actual mileage of the vehicle was approximately 109,000 miles, he claims the error was caused by negligence. On these facts, we cannot say that the trial judge clearly erred in finding that the appellant intentionally misrepresented the vehicle's mileage. Ark. R. Civ. P. 52(a).[2]

Next, the appellant contends that the trial court erred in awarding damages in the amount of $5,000.00. We do not agree. Arkansas Code Annotated § 4-90-203 (Repl. 1991) provides that any person injured by violation of the odometer provisions shall recover the actual damages, together with costs and a reasonable attorney's fee. At trial, the appellant himself testified that a 1986 Lincoln Town Car with 9,000 actual miles would be worth

---

[1] Although not argued by the parties, we note that this definition of "person" is broad enough to encompass the acts of both the salesman and the appellant.

[2] Given our holding that sufficient evidence exists to support the finding of intentional misrepresentation, discussion of lesser levels of intent is not required to resolve the issues before us. Nevertheless, we refer the reader to *Hinson v. Eaton*, 322 Ark. 331, 908 S.W.2d 646 (1995) for a comprehensive discussion of the level of intent necessary to satisfy the statute.

$6,000.00 more than an identical vehicle with 109,000 miles. The difference in value between the vehicle as warranted and its actual value is an appropriate measure of damages, *see Currier* v. *Spencer*, 299 Ark. 182, 772 S.W.2d 309 (1989), and on this record we cannot say that the trial judge clearly erred in setting damages at $5,000.00.

Affirmed.

ROBBINS and STROUD, JJ., agree.