Don GRENDELL *v.* Ferdinand KIEHL and Loretta
KIEHL

86-129                                                   723 S.W.2d 830

Supreme Court of Arkansas
Opinion delivered February 16, 1987
[Rehearing denied March 23, 1987.]

*James R. Marschewski*, for appellant.

*Hubert W. Alexander*, for appellees.

STEELE HAYS, Justice. Don Grendell brings this appeal from a judgment of $11,329.60 rendered against him by the circuit court. Appellees Ferdinand and Loretta Kiehl brought an action for deceit against Grendell alleging misrepresentation and seeking judgment for compensatory and punitive damages. Grendell argues three points of error on appeal: the circuit judge erred in not directing a verdict at the close of the plaintiff's case; the judgment was not supported by the law and the evidence, and the amount of the judgment is not supported by the evidence. We affirm the judgment of the trial court, as modified.

These points, being interrelated, will be considered together, as the result we reach necessarily answers all the arguments. When the plaintiffs rested, the defendant Grendell moved for a directed verdict because the plaintiffs had failed to prove that any of the representations were shown to have been false, or that Mr. Grendell knew they were false.

In reviewing the denial of a motion for a directed verdict, we give the proof its strongest probative force. Such proof, with all reasonable inferences, is examined in the light most favorable to the party against whom the motion is sought and if there is any substantial evidence to support the verdict we affirm the trial court. *Northside Construction Co.* v. *Huffman*, 287 Ark. 145, 697 S.W.2d 89 (1985); *McCuiston* v. *City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980); ARCP Rule 50.

At the outset we point out that appellant's argument is based in part on a misconception of the law. Citing *Robinson* v. *Williams*, 231 Ark. 166, 328 S.W.2d 494 (1949), he argues that fraud must be proved by clear and convincing evidence. That is incorrect. That rule applies to chancery cases, where fraud is

urged as a basis for altering a solemn writing. It has no application to actions at law, where the burden of proof of misrepresentation is simply by a preponderance of the evidence. *Sellers* v. *West-Ark. Construction Co.*, 283 Ark. 341, 676 S.W.2d 726 (1984); *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W.2d 518 (1972).

The essential elements of an action for deceit are well established: a) a false, material representation (ordinarily of fact) made by the defendant; b) scienter—knowledge by the defendant that the representation is false, or an assertion of fact which he does not know to be true; c) an intention that the plaintiff should act on such representation; d) justifiable reliance by the plaintiff on the representation; e) damage to the plaintiff resulting from such reliance. *Storthz* v. *Commercial National Bank*, 276 Ark. 10, 631 S.W.2d 613 (1982). Nor is it necessary to prove active fraud by the defendant—"representations are construed to be fraudulent when made by one who either knows the assurances to be false or else not knowing the verity asserts them to be true." *Kennedy* v. *Strout Realty Agency*, 253 Ark. 1076, 490 S.W.2d 786 (1973); *Lane* v. *Rachel*, 239 Ark. 400, 389 S.W.2d 621 (1965).

The critical element in this case concerns scienter, whether Don Grendell made representations which he knew were false, or which he made without knowledge of their truth. We have reviewed the testimony in its entirety and we must agree with appellant, that the proof failed to sustain the amount awarded.

The Kiehls testified that Mr. Grendell began serving as their insurance agent in 1971, that they relied on him for financial advice. At an early point they converted shares of National Investors Life Insurance Company, Associated Investors Securities and Investor Equity Securities for shares in Capital Services, a company organized by Grendell. This company seems to have become insolvent or inactive, resulting in a loss to the Kiehls of $1,329.00, but we find no evidence of any false representations connected with this transaction. The Kiehls rely largely on the loss of an investment of $4,500 in an oil and gas lease, promoted by Mr. Grendell. They testified he told him it was "a good thing" and would "make money" for them. Mrs. Kiehl testified Mr. Grendell "guaranteed we would make lots of money," adding,

"We were going to get 50 barrels a day." They were also told part of the money would go to a boys' ranch in Perryville. While we find proof that some of the money was to be used to help a boys' ranch, we find no evidence proving that that representation, whatever may be said of it, was shown to be false.

■ The testimony that the oil investment was a good thing and would make money, even the inference of "50 barrels a day," fails to rise to the level of a misrepresentation of fact. Even at its strongest, the proof constitutes expressions of opinion in the nature of "puffing." Prosser and Keeton on Torts, (5th Ed.), § 109. Admittedly, Mr. and Mrs. Kiehl were relatively inexperienced in business affairs but we cannot conclude they were incapable of recognizing the difference between an opinion that a proposed investment in an oil lease looked promising and was a "good thing," as opposed to a factual assertion that an oil well would become a producer. Nothing in the testimony suggests the Kiehls were not mindful that while some oil ventures succeed, a good many others, just as inviting at the outset, do not. Indeed, Mrs. Kiehl candidly acknowledged recognizing the risk factor in oil leases and was aware that a "dry hole" was a possibility.

■ Finding the dividing line between misrepresentation of fact and expression of opinion is often troubling. Prosser and Keeton on Torts (5th Ed.), Chap. 18, § 109, examines the type of proof necessary to sustain an action for deceit:

> It is stated very often as a fundamental rule in connection with all the various remedies for misrepresentation, that they will not lie for mistatements of opinion, as distinguished from those of fact. The usual explanation is that an opinion is merely an assertion of one man's belief as to a fact, of which another should not be heard to complain, since opinions are matters of which "many many men will be of many minds, and which is often governed by whim and caprice." Judgment and opinion in such case, implies no knowledge. (Prosser, p. 755).

> An opinion may take the form of a statement of quality, of more or less indefinite content. One common application of the opinion rule is in the case of loose general statements made by sellers in commending their wares. No action lies against a dealer who describes the automobile he is selling

as a "dandy," a "bear cat," a "good little car," and "a sweet job," or as "the pride of our line" and the "best in the American market," or merely makes use of broad, and vague, commendatory language comparing his goods favorably with others, or praising them as "good," "proper," "sufficient" and the like (Id. p. 757).

A statement that . . . a real estate investment will insure a handsome profit, that an article is the greatest bargain ever offered, and similar claims are intended and understood to be merely emphatic methods of urging a sale. These things, then, a buyer must disregard in forming a sober judgment as to his conduct in the transaction. If he succumbs to such persistent solicitation, he must take the risk of any loss attributable to a disparity between the exaggerated opinion of the purchaser and a reasonable or accurate judgment of the value of the article. (Id.)

The Kiehls point out that their reliance on Don Grendell produced a special relationship of trust and confidence requiring the utmost in good faith and disclosure of all material facts. Prosser, p. 738. Even so, there was an absence of proof by the Kiehls that Grendell either knew the assurances made to them were false or made factual representations while lacking knowledge of their truthfulness.

We do find support in the record to sustain the liability of Don Grendell for $3,500. Mr. and Mrs. Kiehl testified they gave Mr. Grendell $1,000 to hold for them on the purchase of an additional interest in the oil well. They later added $2,500 to this amount but were short of the needed $4,500 for another 1/32nd interest. The proof was that Mr. Grendell was to hold this money, to be returned upon demand. The Kiehls testified they asked for it more than once but were put off by one pretext or another, the import of the proof being that this money remained in Mr. Grendell's hands. Mr. Grendell essentially concedes that the Kiehls are entitled to a judgment of $3,500 and we concur.

Appellant has called our attention to the fact that this case was tried to the court and remained undecided for some twenty months. While we do not conclude the result was affected by the inordinant lapse of time, we agree that a delay of that magnitude, absent some explanation, cannot go unmentioned on appeal.

The judgment is reduced to $3,500 and, as modified, is affirmed.