Carolyn KING, Guardian and Next Friend of Katrina King
*v.* LITTLE ROCK SCHOOL DISTRICT, et al.

89-262                                              782 S.W.2d 574

Supreme Court of Arkansas
Opinion delivered January 22, 1990

*Nussbaum, Newcomb & Hendrix*, by: *Robert A. Newcomb*, for appellant.

*Friday, Eldredge & Clark*, by: *Scott J. Lancaster*, for appellee Little Rock School District.

DARRELL HICKMAN, Justice. The main question in this case is whether a school district must insure a bus chartered for a one day field trip, when the bus is not owned by the school district nor driven by a district employee. The answer is no.

Katrina King was a student at Horace Mann Junior High School in Little Rock. On May 9, 1986, she participated in a school field trip that took students to the Nuclear One power plant in Russellville and to Petit Jean Mountain. To transport the students on the trip, the school district hired two buses owned by the Trinity Evangelistic Association (TEA). Katrina was on the bus driven by Irvin Dennis, a volunteer with TEA. While coming down Petit Jean Mountain, the bus ran off the road and Katrina sustained injuries. Katrina's mother, as guardian and next friend, filed suit against TEA, Irvin Dennis, and the Little Rock School District. The case was tried to the judge. The judge found TEA liable and awarded the appellant $3,000 in damages. On appeal it is argued that the judge erred in dismissing appellant's case

against the Little Rock School District and Irvin Dennis. We agree that the dismissals were proper and affirm the judgment.

The Little Rock School District was dismissed from the case before trial. The judge ruled that, since the district did not own the bus, it was not required to carry motor vehicle liability insurance on the bus. Therefore, the district remained immune from tort liability. We agree that the district was not required to insure the bus.

School districts are among the political subdivisions that are generally immune from tort liability. *See* Ark. Code Ann. § 21-9-301 (1987). However, in order that persons injured by the subdivisions' vehicles may have redress for negligence, Arkansas law requires political subdivisions to carry liability insurance on their motor vehicles. Ark. Code Ann. § 21-9-303 (1987) reads as follows:

> All political subdivisions shall carry liability insurance on all their motor vehicles in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-201 et seq.

If a subdivision fails to carry liability insurance on its motor vehicle it becomes, in effect, a self-insurer and may be held liable for an amount not to exceed the minimum amounts of coverage prescribed by the Motor Vehicle Safety Responsibility Act. *Sturdivant* v. *City of Farmington*, 255 Ark. 415, 500 S.W.2d 769 (1973). That is what the appellant contends has happened in this case. She claims that the school district was required to insure the bus and, by failing to do so, forfeited its statutory grant of immunity. The question we must answer is, did the legislature, by requiring political subdivisions to carry liability insurance on "their" motor vehicles, intend for that requirement to apply to a situation like this one?

The trial judge held that the word "their" means vehicles which are owned by the political subdivisions. The appellant argues the judge's interpretation is too restrictive, citing Ark. Code Ann. § 6-19-102 (1987). That law provides that school districts may hire or purchase school buses or make other arrangements as they deem best, affording safe and convenient transportation to pupils. Therefore, the appellants claim, the

legislature has recognized that students may be transported in vehicles other than those actually owned by the school district. We disagree with the appellant's argument that § 6-19-102 is relevant here. It applies to the transportation of pupils to and from school. That is not the situation we have here.

The appellant also argues that the trial judge's ruling would allow school districts to evade the insurance requirement by leasing their buses rather than buying them. We will not decide in this case if the legislature intended the statute to be applied strictly to vehicles owned by the political subdivision. But we can say with confidence that the legislature did not intend for a school district to insure a bus which was owned by an independent entity, operated by a driver who was not employed or hired by the district, and chartered for a one day field trip. That is the extent of our holding. The purpose of the law is to insure that a person injured by a subdivision vehicle will have some redress. In this case, there is redress against the driver and the owner of the bus.

The second point for reversal involves the dismissal of the bus driver, Irvin Dennis, from the lawsuit. Dennis was dismissed at the close of the appellant's case. The judge determined that the appellant had not presented sufficient evidence to show that Dennis was negligent, and we agree.

Since this was a nonjury case, Dennis properly challenged the sufficiency of the evidence by moving to dismiss the appellant's claim against him. *See* ARCP Rule 50(a). In addressing the issue of whether it was proper for the trial court to dismiss the case, we must consider whether the plaintiff's evidence, given its strongest probative force, presents a prima facie case. *Noland* v. *Thomas*, 228 Ark. 572, 309 S.W.2d 727 (1958); *McCullough* v. *Ogan*, 268 Ark. 881, 596 S.W.2d 356 (Ark. App. 1980). In this case, the appellant did not make a prima facie case that Irvin Dennis was negligent in his operation of the bus.

The appellant's case consisted of the testimony of Carolyn and Katrina King and that of Irvin Dennis. Dennis testified that he was driving the bus down Petit Jean Mountain in second gear, going about twenty miles per hour. When he began to apply his brakes, he said the air pressure began to drop. He tried to slow the bus but it wouldn't stop. He was unable to negotiate a curve on the hill, and the bus ran off the road. He said he had not driven before

on mountains as steep as Petit Jean. He did testify that if he had been in first gear, the bus would have been going seven miles per hour rather than twenty miles per hour. But he said he probably would have still run off the road because of the lack of brakes and the weight of the bus.

The judge found that the appellant simply failed to show what the driver did wrong. She presented evidence of the driver's conduct; but she presented no evidence to show that his conduct was negligent or was the cause of the accident. Later, after Dennis had been dismissed from the case, the testimony of a mechanic was presented as part of TEA's case to show that first gear only should have been used in driving down the mountain. But by that time, the appellant had presented her case and Dennis had been dismissed. The judge ultimately found that Dennis' negligence was the cause of the accident and imputed that negligence to his principal, TEA. But at the time Dennis made the motion for dismissal, he was entitled to it.

We note that certain statutes which provide immunity for volunteers and for members of non-profit organizations were not yet in existence at the time the accident in this case occurred. *See* Ark. Code Ann. §§ 16-120-101 and -102 (Supp. 1989) and Ark. Code Ann. § 16-6-105 (Supp. 1989).

Affirmed.

TURNER, J., not participating.

HOLT, C.J., and GLAZE, J., dissent.

TOM GLAZE, Justice, dissenting. I dissent because I disagree that the driver, Irvin Dennis, was properly dismissed from this case at the end of appellant's proof. I quickly add that this court fully realizes that after this cause was fully tried, the trial court found that Dennis was at fault because he "took the curve too fast" or "he was in second gear when he should have been in first or something."

In reviewing the correctness of the trial court's ruling dismissing Dennis as a party, we must look at the evidence as it appeared when the appellant rested her case. In doing so, we give the proof its strongest probative force. *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987). In my view, this court, while

recognizing this important tenet, fails to apply it.

Substantial evidence in this cause was offered by Mr. Dennis's own testimony, which was presented as a part of appellant's case. Dennis testified that, at the time of the accident, he was driving a Silver Eagle bus, like those operated by Greyhound or Trailways, down Petit Jean Mountain. The only experience Dennis had in driving a bus was that he had gained while driving for Trinity Evangelistic Association. He said that he had driven a bus to Hot Springs, but he had been on no mountains as steep as Petit Jean. When going down Petit Jean, he placed the bus in second gear. Dennis explained that the bus ran about twenty miles an hour in second gear but only about seven miles an hour in first gear.

Dennis further testified that when the brakes stopped working, he was going too fast to turn the corner; the bus was loaded heavy and the road was real steep. He concluded that if he had been going seven miles an hour, he "didn't know if [he] could have made the curve."[1]

Giving the foregoing evidence it strongest probative value, I believe it is fair to say that Dennis was an inexperienced driver and that he had never experienced driving in mountains, much less, one as steep as Petit Jean. His bus was loaded heavily with children when going down a steep grade. Dennis had placed the bus in second gear. Going twenty miles per hour, he did not know if the bus could have made the curve but a clear inference was left that it could have.

After the appellant's case, the only additional evidence related to negligence on Dennis's part was given by Mr. Harry Anderson, who custom builds and services buses. He testified that if he was going to supervise someone on driving down Petit Jean Mountain, he would tell them to drive in first gear only—the bus would not have gone down the mountain safely in any other gear. In my view, Dennis's earlier testimony, given its reasonable

---

[1] Dennis's statement suggests he may or may not have made the curve if he had been driving at this reduced speed. If it is possible to derive conflicting inferences from even uncontradicted evidence, it is error to direct a verdict. *See* 5A James Wm. Moore, *Moore's Federal Practice* ¶ 50.2[1] (2d ed. 1987).

inferences, showed that he should have had the bus in first gear when going down Petit Jean Mountain and that it was unsafe and he could have made the curve if he had been driving in first gear. Anderson's testimony, in opinion form, merely confirmed Dennis's story. The trial court, in my opinion, was premature in dismissing Dennis from the suit, and I believe this court is wrong in upholding that decision.

HOLT, C.J., joins this dissent.