The Honorable Paul R. Bosson Prosecuting Attorney 18th Judicial District East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on six questions involving a county coroner's use of "blue lights" and sirens when responding to a death scene. You pose the following questions:
1. Do a coroner and his deputy qualify as law enforcement officers?
 2. Does state law allow a coroner or his deputy to employ blue lights and sirens?
 3. Is the Quorum Court required to furnish the coroner or his deputy with blue lights and sirens?
 4. May the Quorum Court, by ordinance, prohibit the coroner and his deputy from employing blue lights and sirens when responding to a death scene?
 5. If the coroner is involved in an accident while responding to a death scene, with active lights and siren, is the county liable for personal injury and/or damage?
 6. Assuming you answer to No. 5 is affirmative, may the Quorum Court by ordinance require the coroner to furnish at his personal expense a liability insurance policy to indemnify the county for any injury or damage resulting from the operation of a vehicle in responding to a death scene?
RESPONSE
It is my opinion that coroners and deputy coroners, under current law, may or may not be properly classified as "law enforcement officers." That issue is unclear under current law, but in my opinion they may nevertheless employ blue lights when responding to a death scene. The question of whether they may employ sirens is not as clear. Coroners may employ such devices if they can be categorized as "police agencies" under state law. The Quorum Court, in my opinion, is not required to provide such lights and sirens to coroners. In my opinion, however, the Quorum Court may not prohibit the coroner, by ordinance, from using such devices, as the question is one governed by state law. If the coroner is involved in an accident when responding to a death scene, the county will in most cases be immune from liability except to the extent of any liability insurance. There may be some liability exposure on the part of the county, however, as a self-insurer, if the coroner is driving his personal vehicle within the scope of his duties and is not currently covered by a county liability insurance policy or self-insurance provision. There is a question under state law as to whether the county is required by statute to carry liability coverage or self-insurance on such private vehicles. In my opinion, finally, the Quorum Court may not require the county coroner to furnish, at his personal expense, a liability policy to indemnify the county for any potential liability.
Question 1 — Do a coroner and his deputy qualify as law enforcementofficers?
My predecessor issued an opinion in 1993 stating that coroners fall within the statutory definition of "law enforcement officers." See Op. Att'y. Gen. 93-098 (referring to the definitions found at A.C.A. §5-1-102 (12) and 9-27-303(23) which define "law enforcement officer" as "any public servant vested by law with a duty to maintain public order or to make arrest for offenses"). The opinion was based upon the duties of coroners set out in A.C.A. §§ 14-15-301 and 302. Those statutes formerly invested coroners with the power to be "conservators of the peace" and to "apprehend and commit to jail all felons and traitors."
These last-cited statutes, however, were substantially amended in 1993.See Acts 1993, No. 1301. The powers of county coroners do not now include any "criminal investigative responsibilities." A.C.A. § 14-15-301(a). The language making coroners "conservators of the peace" and investing them with a duty to "apprehend and commit to jail all felons and traitors" was amended out of the statute.
A separate statute, however, A.C.A. § 16-81-104, left unamended by the 1993 legislation, refers to county coroners as "peace officers," and authorizes them to execute arrest warrants. See A.C.A. §16-81-104(a)(1). This statute was a part of the Criminal Code of 1883. A question may arise as to whether this provision, as it relates to coroners, although not expressly repealed in 1993, has been impliedly repealed by the 1993 legislation which revised the duties of coroners.See Acts 1993, No. 1301, § 6 (repealing "[a]ll laws and parts of laws in conflict with this act . . ."). The emergency clause to Act 1301 reflects an intention to clear up confusion regarding the powers and duties of coroners, which confusion is "compounded by a series of antiquated laws that bestow responsibilities on a coroner not connected to his duties in modern times." Section 16-81-104, on the books for over a century, may fall into the category of laws the legislature intended to repeal by Act 1301 of 1993.
In response to your first question, therefore, the status of county coroners as "law enforcement officers" has changed substantially since 1993. In my opinion they may no longer fit the statutory definition of that term as variously defined in the Arkansas Code. See A.C.A. §§5-1-102(12); 9-27-303(23) and 12-9-102(1).
Question 2 — Does state law allow a coroner or his deputy to employ bluelights and sirens?
Despite the conclusion reached above, county coroners are specifically authorized by state law to purchase blue lights or "blue lens caps." See
A.C.A. § 5-77-201. A law enacted in 1997 makes is unlawful to sell a blue light or blue lens cap to any person other than a law enforcement officer or county coroner. Id. The same law makes it a crime for any person topurchase a blue light or blue lens cap who is not a law enforcement officer or county coroner. Obviously, county coroners are separately authorized to purchase such lights despite the fact that they may not be included in the more general language "law enforcement officer" used in A.C.A. § 5-77-201.
With regard to the use of such lights, a separate statute, A.C.A. §27-36-301 provides in pertinent part that:
 Except as otherwise provided by the statutes of the State of Arkansas,
it is unlawful for any person to install or activate or operate a blue light in or on any vehicle in this state or to possess in or on any vehicle in this state a blue light that is not sealed in the manufacturer's original package. [Emphasis added.]
A question arises under the emphasized language as to whether county coroners are exempted from the prohibition against use of blue lights in A.C.A. § 27-36-301 by virtue of A.C.A. § 5-77-201, which specifically allows them to purchase blue lights. In my opinion, coroners are exempted from the prohibition of A.C.A. § 27-36-301 above. Coroners are specifically authorized to purchase blue lights. A.C.A. § 5-77-201. It is unreasonable to conclude that this authority is granted without the implicit right to use such lights. Section 5-77-201 must thus be interpreted as authority for county coroners to use the blue lights they are authorized to purchase. See also Arkansas State Police Regulation 1998-1, § 5 (regarding the use of blue lights). As such, a separate state statute authorizes their use and A.C.A. § 27-36-301 does not prevent such usage.
In my opinion therefore, in response to your second question, county coroners are authorized to use blue lights.
The answer to your question regard the use of sirens is less clear. The use of sirens is authorized under state laws for "authorized emergency vehicles." Section 27-37-202(b)(3)(A) provides that every "authorized emergency vehicle shall be equipped with a siren, whistle, or bell capable of emitting sound audible under normal conditions from a distance of not less than five hundred feet (500') and of a type approved by the department." No vehicle can be equipped with, nor shall any person use such a siren unless authorized in A.C.A. § 27-37-202. A.C.A. §27-37-202(b)(1). The question of whether coroners may use sirens therefore depends upon whether they are driving an "authorized emergency vehicle." That term is defined generally at A.C.A. § 27-49-219(d), which provides in pertinent part as follows:
 (d)(1) `Authorized emergency vehicle' means authorized emergency vehicles which shall include:
 (A) Motor vehicles used by state, county, or city and municipal police agencies, all of which shall be equipped with:
(i) Blue; or
(ii) Blue, red or white rotating or flashing emergency lights;
 (B) Motor vehicles used by state, county, city, or municipal fire departments, motor vehicles owned and used by volunteer fire fighters while engaged in official duties, motor vehicles used by emergency medical technicians . . . or privately owned fire departments, and ambulances . . . all of which shall be equipped with red rotating or flashing emergency lights. . . . [Emphasis added.]
The statute above includes, within the definition of "authorized emergency vehicles" all vehicles used by county "police agencies." The term "police agencies" is not defined anywhere in the Arkansas Code and I have found no Arkansas case law that speaks to the question of whether a county coroner's office constitutes a "police agency" of the county. Cf.generally, however, People v. Johnson, 160 Misc.2d 340, 608 N.Y.S.2d 995
(1994) (Office of Chief Medical Examiner was not a "police agency" for purposes of being required to share information with defendant in discovery). Again, the law enforcement responsibilities of coroners have been reduced since the passage of legislation in 1993. It is therefore unclear whether the office of coroner can be categorized as a "police agency." In my opinion, therefore, the right of county coroners to use sirens when responding to a death scene is unclear.
Question 3 — Is the Quorum Court required to furnish the coroneror his deputy with blue lights and sirens?
It is my opinion that the answer to this question is "no." I have found no state statute mandating this action. The most relevant statute is A.C.A. § 14-14-1307, which provides that: "[t]he county court shall determine the location of the office of the various county, county quorum court district, and township officers. Nothing in this section, however, shall be construed to compel the county court to provide justices of the peace, constables, coroners, or surveyors with a formal office." I cannot conclude, in the absence of any statutory requirement requiring the use of such lights and sirens by coroners, that a quorum court is required to fund such devices. Of course, a quorum court is free to expend funds for such devices if it chooses to do so.
Question 4 — May the Quorum Court, by ordinance, prohibit the coroner andhis deputy from employing blue lights and sirens when responding to adeath scene?
In my opinion the answer to this question is "no." In my opinion state rather than county law governs the question of whether vehicles may be equipped with blue lights and sirens. At least some of the laws governing such lights and sirens are found in the "Uniform Act Regulating Traffic on Highways of Arkansas." A.C.A. §§ 27-49-101 through -208. That act is to be interpreted to effectuate its general purpose to make the law uniform. A.C.A. § 27-49-103. No local authority (with exceptions not applicable here), shall enact or enforce any rule or regulation in conflict with the Act. A.C.A. § 27-49-106 (Supp. 1997). In addition, as a general matter, a county is prohibited from enacting any legislative act contrary to the general laws of the state. A.C.A. § 14-14-805(13). Seealso A.C.A. § 14-14-808 (county is prohibited from exercising local legislative authority in any manner inconsistent with state law or administrative regulation in an area affirmatively subjected by law to state regulation or control). See also Kollmeyer v. Greer, 267 Ark. 632,593 S.W.2d 29 (1980). Specific state statutes govern the use of blue emergency lights and the use of sirens on the roadways. In my opinion, therefore, a county may not enact an ordinance that deviates from these laws.
Question 5 — If the coroner is involved in an accident while respondingto a death scene, with active lights and siren, is the county liable forpersonal injury and/or damage?
Questions regarding the liability of political subdivisions and employees are inherently factual. In most instances, however, the immunity provisions of A.C.A. § 21-9-301 will operate to immunize the county from liability for actions of county officers and employees acting within the course and scope of their duties except to the extent of any liability insurance.
Counties are required by law, however, to carry liability insurance in minimum amounts on their motor vehicles or become self-insurers for their vehicles. You have not indicated whether the use of a county vehicle is at issue, or whether a county coroner will be driving his or her private vehicle when responding to a death scene. The question of whether a county must provide liability insurance or self-insure such private vehicles, when used for official duties, is somewhat unclear under current law. Cf. King v. Little Rock School District, 301 Ark. 148,782 S.W.2d 574 (1990) (school district was not required to insure a bus owned by independent entity, driven by non-school employee and chartered for a one-day field trip, but court carefully limited the holding so as not to decide whether insurance must be procured only on vehicles "owned" by the political subdivision).
Questions may arise therefore as to whether existing law requires the county to provide liability insurance or to self-insure the private vehicles of county officers and employees when acting in the course and scope of their duties. If the law does indeed require the county to provide such insurance, and it is not currently in place, the county could conceivably be liable as a self-insurer for an accident involving a coroner's vehicle en route to a death scene. This concern, however, obtains irrespective of whether the coroner is using blue lights and a siren.
Question 6 — Assuming you answer to No. 5 is affirmative, may the QuorumCourt by ordinance require the coroner to furnish at his personal expensea liability insurance policy to indemnify the county for any injury ordamage resulting from the operation of a vehicle in responding to a deathscene?
It is my opinion that the answer to this question is generally "no." I assume, with regard to this question, that you are referring to the coroner's use of his own private vehicle in responding to a death scene. A coroner, like all citizens, has a responsibility to maintain the required liability insurance on his personal vehicle. See A.C.A. §27-22-104 (Supp. 1997). Questions may arise, however, in light of the coroner's immunity from liability for official actions under 21-9-301, as to whether his personal insurance carrier would be liable in a given case for actions taken in his official capacity. Your question is whether the coroner can be required to obtain a policy to indemnify the county in the event the county is liable for such actions. In my opinion the answer to this question is "no."
State law immunizes the county from damages in tort except to the extent of any liability insurance. A.C.A. § 21-9-301. State law also immunizes the county coroner from any liability for damages when acting in his official capacity. Id. See also Autry v. Lawrence, 286 Ark. 501,696 S.W.2d 315 (1985) and Cousins v. Dennis, 298 Ark. 310, 767 S.W.2d 296
(1989). Despite this immunity, state law requires counties to carry minimum liability insurance on "their" vehicles or to be responsible as a self-insurer in minimum amounts. A.C.A. § 21-9-303. State law does not require county officers to carry minimum liability insurance on their personal vehicles when acting in their official capacity. The "combined maximum liability of local government employees, volunteers, and the local government employer in any action involving the use of a motor vehicle within the scope of their employment shall be the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act . . . unless the political subdivision [carries insurance or self-insures in excess of the minimum amounts]. A.C.A. § 21-9-303(b). In my opinion, therefore, the county may not impose such a requirement on a county official. Seegenerally, A.C.A. § 14-14-808 (county government is prohibited from exercising power inconsistent with state law or administrative regulation in an area affirmatively subjected by law to state regulation or control).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh