The Honorable Gene Roebuck State Senator P.O. Box 1696 Jonesboro, Arkansas 72403-1696
Dear Senator Roebuck:
This is in response to your request for an opinion on whether school boards can charter private buses that are not yellow for special event charters.
RESPONSE
It is my opinion, assuming your question refers to a one-time charter, that the answer to this question is "yes."
You have enclosed copies of two letters you have received in this regard which indicate that the question you pose was prompted by my issuance of Op. Att'y Gen. 99-122. Two questions were posed in that Opinion. The first question was whether a school district could purchase or lease a bus for the purpose of transporting students to and from extra curricular activities, such as sporting events, without the bus being "national school bus yellow." I concluded, in response to the first question, that a school district could not purchase or lease a bus for student extra-curricular activities (plural) which was not "national school bus yellow" as required by state regulations. The second question was whether the state specifications for school buses apply to buses or other vehicles used to transport students to or from extra-curricular activities of a school district. This question was in large degree repetitive of the first question, because the "national school bus yellow" requirement is found in the state specifications. In response to the second question, therefore, I concluded that the answer was "yes" for vehicles that with standard seating arrangement would accommodate more than ten persons (the threshold for applicability of the regulations).
I did not interpret the questions posed in Opinion 99-122 as inquiring about the legality of one-time charters of private buses. Nor did I intend to address the legality of that practice in Opinion 99-122. The questions posed in Opinion 99-122 involved the "purchase" or "lease" of a bus by a school district which would then be used to transport students to various extra curricular activities on a regular or recurring basis.[1] I did not interpret the term "lease," as used in the context of the questions posed in Opinion 99-122, as including a one-time "charter" of a private bus. In addition, the questions indicated that the bus would be used regularly for the purpose of transporting students to and from "activities" or "sporting events." The question did not suggest a one-time usage. I concluded that a bus purchased or leased by a school district for such regular usage (if it has a seating capacity of more than ten persons), must comply with the state specifications for school buses even though it is only used to transport students to and from extra curricular activities, rather than to and from school. In many instances federal law will parallel this result as to federal specifications. See
Opinion 99-122 at 2.[2] The fact that the bus will be used only for extra curricular activities, as opposed to transportation to and from school, did not, in my opinion, make a difference in the applicability of the state specifications.
Your question is how far this conclusion extends. You ask whether school districts may charter private buses that are not yellow for "special event charters." I assume your question refers to a one-time "charter" to transport students to a special school sponsored function rather than to and from school. I also assume that the "private bus" does not meet all the state specifications for "school buses."
To answer this question, it is necessary to look at both federal and state law. Federal law prohibits the sale or lease of a new vehicle which seats a driver and more than ten passengers to a school district if the vehicle is likely to be used significantly to transport students to or from school or an event related to school, unless the vehicle meets the federal specifications for "school buses." See 49 U.S.C. § 30125(a) and49 U.S.C. § 30112(a). These provisions, in my opinion, do not prohibit a one-time charter of a bus for a special school-related event. Although the federal proscription clearly applies to vehicles used in connection with "event[s] related to school" as well as to and from school, the federal prohibition applies only to vehicles likely to be used "significantly" to transport students. It does not appear that a one-time charter of a private bus would meet the definition of "school bus" in federal law. See 49 U.S.C. § 30125(a) (defining a "school bus" as "a passenger motor vehicle designed to carry a driver and more than 10 passengers, that the Secretary of Transportation decides is likely to be used significantly to transport preprimary, primary, and secondary school students to or from school or an event related to school"). In addition, although federal statutes and regulations are not clear on the type of "lease" which is proscribed,[3] interpretation letters of the National Highway Transportation Safety Administration refer to the prohibited leases as being "leases on a regular or long-term basis." See NHTSA Interpretation Letter issued 7-17-98 to Greg Balmer. Thus, assuming your question refers to a one-time charter of a private bus, and not to some regular or recurring school district lease of such a bus, it is my opinion that there is nothing in federal law that prohibits the conduct you describe.[4] Factual issues may arise, however, under federal law, as to when a particular transaction is a one-time charter, and when, in fact a regular or recurring lease is present. Federal officials will of course have the authority to determine the legality of any particular transaction under federal law.
State law does not address the legality of a school district chartering a private bus for an isolated special school-related event. The relevant state statutes define, in several separate places, the term "school bus," and invest either the State Board of Education or the Department of Education with authority to adopt regulations and specifications for such buses. See, e.g., with regard to the definition of a "school bus," A.C.A. § 27-49-219(e) (defining (for purposes of the "Uniform Act Regulating Traffic on Highways of Arkansas"), a "school bus" as "every motor vehicle owned by a public or governmental agency and operated for the transportation of children to or from school or privately owned and operated for compensation for the transportation of children to or from school"); A.C.A. § 6-19-111(a) (empowering the State Board of Education to adopt regulations governing the design and operation of school buses "used for the transportation of school children when the buses are owned and operated by any school district or privately owned and operated under contract with any school district in this state"); and A.C.A. §6-19-117(a) (defining (for purposes of a new equipment requirement), the term "school bus" as "every motor vehicle owned by a public school district or a private school or a governmental agency and operated for the transportation of children to or from school or school-sponsored activities"). See, e.g., with regard to the State Board of Education's or Department of Education's authority to adopt regulations, A.C.A. §6-21-304(b)(2) (stating, in a statute governing the manner of purchasing school buses, that "[t]he Department of Education shall have responsibility for drawing up the minimum specifications for all school buses"); A.C.A. § 6-19-102(e) (empowering local school districts to provide transportation for school children and stating that "[t]he buses shall be of such specifications as may be prescribed by uniform rules and regulations of the State Board of Education"); and A.C.A. 6-19-111(a) ("The State Board of Education by and with the advice of the State Highway Commission shall adopt and enforce regulations not inconsistent with this act to govern the design and operation of all school buses used for the transportation of school children when the buses are owned and operated by any school district or privately owned and operated under contract with any school district in this state").
These statutes do not address the question of precisely when a vehicle used to transport school children to a "special event" becomes a "school bus" which must comply with all the state regulations relating to school buses. Some of the statutes restrict the definition of a "school bus" to those buses used for transportation "to and from school." See A.C.A. §27-49-219 and A.C.A. § 6-19-102.[5] Others do not. See A.C.A. §6-19-117(a). Some restrict the definition to vehicles "owned" by the school district. See A.C.A. § 6-19-117(a). Others do not. See A.C.A. §27-49-219(e) and § 6-19-111(a). The relevant Arkansas statutes do not indicate any requisite capacity of the vehicle or the frequency of its use in order for it to be classified as a "school bus." One of the most relevant statutes (the one that empowers the State Board of Education to adopt regulations governing school bus design), simply refers to "school buses used for the transportation of school children when the buses are owned and operated by any school district or privately owned and operated under contract with any school district in this state." A.C.A. §6-19-111. It has been opined that similar language encompasses the transportation of school children to extra curricular activities. See,e.g., 1979 Indiana Op. Att'y Gen. 65, Ind. OAG No. 22. This statute, however, refers to, but does not define the term "school bus," thus begging the question of what types of vehicles are subject to the regulations. There is little guidance given in state statutes, therefore, on the question of when a vehicle used to transport school children must comply with applicable state regulations.
The state regulations themselves do not define the term "school bus" or otherwise generally indicate to which vehicles the specifications apply. The regulations do state, however, that they apply to school buses "that, with standard seating arrangement prior to modification would accommodate more than ten persons."[6] Arkansas Department of Education Specifications Governing School Bus Design at § 3.01. With the exception of this qualification, there is considerable uncertainty under existing state law as to what type of usage of a vehicle will trigger the applicability of the state specifications. In my opinion, however, compliance with the state regulations is not voluntary. School districts are not free to use whatever vehicles they wish (and designate them as non-school buses) because the applicable statutes and regulations do not specify concretely which vehicles are regulated. At some point the regulations apply. This point is simply unclear under Arkansas law. In some states, the definition of "school bus" includes a requirement that the bus be "regularly operated" for the transportation of school children. See, e.g., 98 Nev. Op. Att'y Gen. 25, citing NRS § 484.148. The law of some states expressly excepts certain passenger cars and buses chartered from motor bus companies. See, e.g., Texas Op. Att'y Gen. DM-378 (1996), citing Texas Educ. Code § 34.003(a). No such provisions are contained in Arkansas law, and as such the exact line of demarcation is uncertain. This uncertainty will remain, in my opinion, until the matter is clarified legislatively, administratively, or judicially. In my opinion, however, pending such clarification, a one-time charter of a private bus by a school district for a "special event" does not trigger the applicability of the specifications. Wherever the line is currently drawn between those vehicles required to comply with the regulations and those that need not, in my opinion a one-time charter of a private bus for a special event falls on the permissible side of the line. In my opinion, however, regular and recurring usage of a vehicle (with capacity of over ten passengers) by a school district for extra curricular activities may trigger the specifications. This was the conclusion of Opinion 99-122. Again, factual issues may arise as when a particular transaction is a one-time charter, and when a recurring or regular lease exists.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] In fact, it was my understanding, from conversations with interested parties, that the facts underlying the questions posed in Opinion 99-122 indicated that the coach of a school district athletic team wished to purchase a school bus for extra curricular use, which would comply with state specifications in every respect except it would be painted in the school's colors, rather than "national school bus yellow."
[2] Federal law applies only to the sale or lease of "new" vehicles.See 49 U.S.C. §§ 30125, 30112, and 49 C.F.R. § 571 et seq. It does not address the use of such vehicles, but proscribes the sale or lease itself. Id.
[3] Federal statutes provide merely that "a person may not manufacture for sale, sell, offer for sale, introduce or deliver for introduction in interstate commerce . . . any motor vehicle . . . on or after the date an applicable motor vehicle safety standard prescribed under this chapter takes effect unless the vehicle . . . complies with the standard. . . ."See 49 U.S.C. § 30112 (a). The prohibition does not apply, however, to the sale or introduction of a vehicle into interstate commerce "after the first purchase or the vehicle . . . in good faith other than for resale."See 49 U.S.C. § 30112 (b) and n. 2, supra.
[4] Your question inquires as to the authority of the school district to charter such buses. Again, however, the federal law is directed against the actions of the person who sells or leases the bus, not against the school district. See n. 2 supra. See also Op. Att'y Gen.95-290.
[5] Subsection (a) of this statute, which was originally enacted in 1931, addresses transportation to and from school. Subsection (b) of the statute, extrapolates on subsection (a), and is thus also restricted to transportation to and from school. This statute, therefore, has no relevance to transportation to extra curricular activities or special events. See King v. Little Rock School District, 301 Ark. 148,782 S.W.2d 574 (1990) (A.C.A. § 6-19-102 has no relevance to a one day field trip).
[6] This description appears to have been borrowed from federal law. See 49 U.S.C. § 30125 (a)(1).