James TAYLOR *v.* CITY of NORTH LITTLE ROCK
and Travelers Indemnity Company

CA 04-58                                   194 S.W.3d 797

Court of Appeals of Arkansas
Opinion delivered October 6, 2004

---

*Gary Eubanks & Associates*, by: *Mary A. Earl* and *Robert S. Tschiemer*, for appellant/cross-appellee.

*Colette D. Honorable*, for appellee/cross-appellant.

JOHN F. STROUD, Chief Judge. This appeal is brought from the trial court's denial of the City of North Little Rock's motion to dismiss and the trial court's grant of summary judgment to Travelers Indemnity Company. We reverse and remand for further proceedings consistent with this opinion.

On November 29, 1999, appellant, who was driving a vehicle owned by his employer, was struck by a vehicle driven by Louis Storke and owned by the City of North Little Rock ("the City"). At the time of the accident, the City vehicle was insured under a motor-vehicle policy issued by Reliance Insurance Company, and appellant's vehicle was insured under a policy issued by appellee Travelers Indemnity Company. The Travelers policy provided uninsured and underinsured motorist benefits (UM/UIM) in the amount of $300,000.

On August 2, 2000, appellant sued Storke and the City for negligence. A little more than one year after suit was filed, the City's insurance carrier, Reliance, was declared insolvent. Thereafter, the City asked to be dismissed from the lawsuit on the grounds that it was immune from liability, under the statutory grant of immunity found in Ark. Code Ann. § 21-9-301(a) (Repl. 2004). Appellant responded that the City was not immune because it had failed to comply with the dictates of Ark. Code Ann. § 21-9-303(a) (Repl. 2004), which provides that municipalities must carry liability insurance on their motor vehicles or become self-insurers for the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act.[1] According to appellant, because Reliance had become insolvent, the City no longer had motor-vehicle insurance and was therefore a self-insurer. The trial court entered an order denying the City's motion to dismiss and finding that the City had become a self-insurer.

In reliance on that ruling, Travelers Indemnity Company, which appellant had brought into the lawsuit for the purpose of seeking UM/UIM benefits, moved for summary judgment based on the following policy language that excluded self-insured vehicles from UM and UIM coverage:

"Uninsured motor vehicle" does not include any vehicle:

(1) Owned or operated by a self-insurer under any applicable motor vehicle law . . .

. . . .

"Underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law.

---

[1] The minimum amount required for personal injury liability coverage is $25,000 per individual and $50,000 per accident. Ark. Code Ann. § 27-19-713(b)(2) (Repl. 2004).

Based on its previous order that the City was a self-insurer, the trial court ruled that Travelers was entitled to summary judgment in light of the above-quoted policy language.

Appellant now appeals from the trial court's grant of summary judgment to Travelers, and the City cross-appeals from the trial court's finding that it was a self-insurer. We address the cross-appeal first, as our appellate courts have done in several cases in which the issue on cross-appeal contained the central issue to be decided. *See Leonards v. E.A. Martin Mach. Co.*, 321 Ark. 239, 900 S.W.2d 546 (1995); *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991). In this case, the issue on cross-appeal is dispositive of the entire appeal.

The City argues in its cross-appeal that the trial court erred in declaring the City to be a self-insurer under Ark. Code Ann. § 21-9-303(a) because, at the time of the accident, the City had in full force and effect a motor-vehicle liability insurance policy, as required by that statute. We agree.

Arkansas Code Annotated section 21-9-303 requires that all municipalities "shall carry liability insurance on their vehicles or shall become self-insurers." The statute does not require a municipality to guarantee the solvency of its insurer. In this case, the City did what was required of it by law, *i.e.*, procured motor-vehicle liability coverage in the statutorily-required amounts. The coverage was in effect when the accident occurred, and there is no evidence that the City could have anticipated that its carrier would become insolvent. Further, it is so clear as to be axiomatic that, once the City's insurer became insolvent, the City could not acquire insurance that would cover an accident that had already happened. Thus, the City should not be relegated to the status of a self-insurer, as our supreme court has indicated should be done with political subdivisions who simply fail to procure the required insurance coverage. *See King v. Little Rock Sch. Dist.*, 301 Ark. 148, 782 S.W.2d 574 (1990); *Thompson v. Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984); *Sturdivant v. City of Farmington*, 255 Ark. 415, 500 S.W.2d 769 (1973).

In light of the foregoing, we reverse and remand this case to the trial court for further proceedings consistent with this opinion. As for the grant of summary judgment to Travelers, the trial court granted Travelers' motion based on the faulty premise that the City was a self-insurer. Thus, the summary judgment,

which was based on language in the Travelers policy that excluded self-insured vehicles from UM/UIM coverage, had its genesis in the trial court's incorrect conclusion that the City was a self-insurer. Therefore, the summary judgment is likewise reversed.[2]

Reversed and remanded.

HART and VAUGHT, JJ., agree.