
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–16–140

| | |
|---|---|
| ANGEL EPLEY<br>APPELLANT | **Opinion Delivered:** November 9, 2016 |
| V. | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CV-2013-734-I] |
| JOHN GIBSON AUTO SALES<br>APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

On September 25, 2013, John Gibson Auto Sales (Gibson) filed a complaint in the Circuit Court of Garland County against Angel Epley for allegedly breaching the terms of a May 2013 motor-vehicle sales contract and refusing to return the vehicle, a 2001 GMC Sierra. Gibson sought replevin and judgment in an amount to be determined after recovery of the vehicle. Ms. Epley answered that the case arose from Gibson's negligence, misrepresentation, breaches of warranty and contract, and statutory violations. She counterclaimed and sought damages for breach of warranty, misrepresentation, violation of the Arkansas Consumer Protection Act, and fraud. She tendered the vehicle to Gibson in November 2014, and Gibson picked it up.

The trial court conducted a bench trial in October 2015, took the case under advisement, and issued a written order on November 6, 2015. The order stated as follows:

    1. John Gibson Auto Sales sold the vehicle to Defendant Epley in an "as is"

condition but, by a preponderance of the evidence, Epley was told by Gibson's agent that she could return the vehicle within three days if she was not satisfied with it and her money would be returned.

     2. Epley returned the vehicle, but [Gibson] refused to honor its promise to take the vehicle back and return her money, therefore Gibson's claim for a deficiency judgement is dismissed with prejudice.

     3. Epley's continued use of the vehicle without paying [Gibson] serves as a complete setoff against any refund of moneys paid by her for the vehicle.

     4. Epley has failed to prove any other damages attributable to Gibson's failure to honor the rescission, therefore her counterclaim for damages [is] dismissed with prejudice.

Ms. Epley appeals, raising three points. She contends that the trial court erred in dismissing her claim for violation of the Arkansas Deceptive Trade Practices Act, dismissing her claim for fraud to induce the contract, and failing to award punitive damages. We affirm.

At trial, Ms. Epley testified to the following events. She went to Gibson and told the salesman, "Chris," that she "already had a truck" she "was getting from another car lot" but wanted something more reliable. Chris showed her the GMC, describing it as "a little rough on the outside" but "good and reliable" and safe for transporting her child. She signed an "as is" buyer's order and paid $600 down. Chris told her to bring the vehicle back if she did not like it and he would give her money back. She brought the vehicle back the first day after noticing that the transmission was slipping or the accelerator was sticking. She was given a loaner for "maybe a week" while the GMC was being repaired. She purchased headlights, a wiring harness, tires, rims, and a stereo for the GMC.[1] She testified, "I was

---

[1]She removed the stereo, along with the tires and rims, before surrendering the vehicle.



working for Mary Kay and I could not host a party. . . . The vehicle stopped on me several times." She said that she put 1,500 to 2,000 miles on the vehicle and did not know why its GPS would show 18,000 miles for the time period that she had it.

Tony Esaw testified that he had owned the GMC for two years before Gibson sold it to Ms. Epley. He stated that he had paid for repairs to the front end, drive axle, gear box, front hubs, and brake rotors; he had damaged the vehicle; and he had put new tires on it. It had a bad motor and 110,000 miles on the odometer when he surrendered it to Gibson, and he told Gibson that the vehicle should have been scrapped and used for parts.

Ramona Hamilton, Gibson's record keeper, testified that Gibson did not offer any additional warranties, that any additional terms would be listed on a buyer's order, that salesmen were not authorized to inform customers that they could return a vehicle they did not like and get their money back, and that she did not know what the salesman had said regarding the GMC. She testified that Gibson occasionally used other vendors to do maintenance on a vehicle if a customer discovered a problem and that, in this particular case, another shop had made and guaranteed repairs to the GMC before it left the lot. She testified that Ms. Epley never made payments on the $10,900 sales price, that the vehicle was equipped with a GPS, that the vehicle was sitting on blocks when Gibson retrieved it, and that there was a hole where the radio would have been.

*Points on Appeal*

Ms. Epley contends in her first point that the trial court erred in dismissing her claim for violation of the Arkansas Deceptive Trade Practices Act, codified at Ark. Code Ann. §§

SLIP OPINION

4-88-101 et seq. Noting that the Act lists "deceptive and unconscionable trade practices," she points to the following prohibited practice: "Knowingly making false representation as to the characteristics, . . . uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model." Ark. Code Ann. § 4-88-107(a)(1) (Repl. 2011). Ms. Epley contends in her second point that the circuit court erred in dismissing her claim for fraud to induce the contract. To establish fraud in Arkansas, a plaintiff must prove that the defendant intentionally misrepresented a material fact and that the plaintiff was damaged by justifiably relying on that misrepresentation. *Roach v. Concord Boat Corp.*, 317 Ark. 474, 476, 880 S.W.2d 305, 306 (1994). We will discuss these points together because each claim required proof of misrepresentation.

Ms. Epley points to testimony regarding damage to the vehicle, its mechanical issues, and repairs that were made both before and after it had been sold to her. She notes her request for admission No. 16—"Admit that you informed Defendant that the vehicle was in good condition prior to purchase"—and Gibson's response—"Admitted. Plaintiff maintains that the vehicle was in good, serviceable condition when purchased." Ms. Epley otherwise merely lists pages of the record in the argument portion of her brief:

> John Gibson's fraudulent responses to discovery evidence [sic] that John Gibson used fraud to induce Angel Epley into an "as-is" contract. R 118–120, R 121–124, R 125–127. John Gibson also provided untruthful testimony as to discovery requests and as to any prior damage to the vehicle. R 118–120, R 121–124, R 125–127.

Ms. Epley does not specify the alleged "fraudulent responses" or "untruthful testimony."[2]

It is well settled that conclusory arguments without supporting authority will not be

considered on appeal. *Calvary Christian Sch., Inc. v. Huffstuttler*, 367 Ark. 117, 133, 238

S.W.3d 58, 70 (2006).

Regarding the salesman's statement that the vehicle was in good condition, we agree

with Gibson's argument that "good condition" is subject to interpretation by the individual.

*See Cannaday v. Cossey*, 228 Ark. 1119, 1121, 312 S.W.2d 442, 444 (1958) (finding that

seller's representation to buyers of a twenty-eight-year-old house, later discovered to have

termite damage, as "a good house" was a general statement of opinion rather than fact and did

not prove fraud in the transaction); *Grendell v. Kiehl*, 291 Ark. 228, 231, 723 S.W.2d 830,

832 (1987) (finding that seller's statement that an oil investment was "a good thing and would

make money" amounted to an expression of opinion in the nature of "puffing," rather than

a misrepresentation of fact). The *Grendell* court wrote,

> Finding the dividing line between misrepresentation of fact and expression of opinion is often troubling. Prosser and Keeton on Torts (5th Ed.), Chap. 18, § 109, examines the type of proof necessary to sustain an action for deceit:
>
> > It is stated very often as a fundamental rule in connection with all the various remedies for misrepresentation, that they will not lie for mistatement of opinion, as distinguished from those of fact. The usual explanation is that an opinion is merely an assertion of one man's belief as to a fact, of which another should not be heard to complain, since opinions are matters of which "many many men will be of many minds, and which is often governed by whim and

---

[2]Neither party's brief complies with our briefing requirement that "[r]eference in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found." Ark. Sup. Ct. R. 4–2(a)(7) (2016).

caprice." Judgment and opinion in such case, implies no knowledge. (Prosser, p. 755).

An opinion may take the form of a statement of quality, of more or less indefinite content. One common application of the opinion rule is in the case of loose general statements made by sellers in commending their wares. No action lies against a dealer who describes the automobile he is selling as a "dandy," a "bear cat," a "good little car," and "a sweet job," or as "the pride of our line" and the "best in the American market," or merely makes use of broad, and vague, commendatory language comparing his goods favorably with others, or praising them as "good," "proper," "sufficient" and the like (*Id*. p. 757).

*Grendell*, 291 Ark. at 231–32, 723 S.W.2d at 832–33.

Ms. Epley obtained no specific ruling on the claim she now makes for "fraud to induce the contract." The court found that the GMC was sold "as is" but that the salesman had promised Ms. Epley that she could return the vehicle in three days if it was not satisfactory. Because Gibson failed to comply with this promise, the circuit court denied its claim for a deficiency judgment. The court further found that Epley's continued use of the vehicle acted as a complete setoff against any refund of any moneys she had paid for the vehicle. We hold that these findings are not clearly erroneous. *See* Ark. R. Civ. P. 52. We therefore affirm the first and second points.

As her third point, Ms. Epley contends that the circuit court erred in failing to award punitive damages. An award of actual damages, however, is a predicate for an award of punitive damages. *Bayer Cropscience LP v. Schafer*, 2011 Ark. 518, 385 S.W.3d 822; *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877 (1991). Here, because the court found that neither party had suffered damages, an award of punitive damages would have been improper.



Affirmed.

KINARD and VAUGHT, JJ., agree.

*Tabatha Branch*, for appellant.

*W. Darrel Blount*, for appellee.